STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         CIVIL ACTION
                                                  Docket No. CV-05-221

ROBERT M.A. NADEAU, et al.,

        Plaintiffs,

    v.                                            ORDER

JACK HUNT, et al.,

        Defendants.


        Before the court are separate motions by defendant Jack Hunt and by defendants

Amy McGarry, Pamela Holmes, and McGarry & Holmes LLC for a more definite

statement.

        Count I of the complaint is brought by plaintiffs Robert M.A. Nadeau and

Nadeau & Associates P.A. against Hunt. It alleges that Hunt has engaged in unspecified

defamation of Nadeau and his law firm.  A party who is sued for defamation is entitled

to know the precise statements he is claimed to have made.  See Picard v. Brennan, 307

A.2d 833, 834-35 (Me. 1973).

        Count II of the complaint is also brought by Nadeau and his law firm against

Hunt.  It alleges that Hunt engaged in unspecified interference with advantageous

relationships.  Count II does not give Hunt any notice of what actions he is alleged to

have taken that interfered with advantageous relationships nor does it identify what

alleged advantageous relationships were interfered with.

        Count III of the complaint is brought by Nadeau and his law firm against all

defendants. It alleges that defendants engaged in abuse of process but provides no

indication as to what process is alleged to have been abused.

Count IV of the complaint alleges negligent and intentional infliction of emotional distress but gives absolutely no indication as to what defendants did that allegedly constituted an infliction of emotional distress.[1]

Count V of the complaint is brought on behalf of all plaintiffs against all defendants. It alleges that defendants committed violations of the Unfair Trade Practice Act and suggests generally that unethical conduct by attorneys constitutes an unfair trade practice. However, the complaint does not identify what conduct by defendants is alleged to have been unethical or how that conduct could constitute a violation of the Unfair Trade Practice Act.

Finally, Count VI seeks punitive damages for unspecified extreme and outrageous conduct but does not in any way identify the conduct in question.

Although notice pleading does not require great specificity, a party is entitled to sufficient notice of the claim against him so that he can frame a defense. The complaint in this action is sufficiently vague so that defendants cannot be expected to frame any responsive pleading other than a general denial, which is what they have filed. Defendants are entitled to a pleading with sufficient specificity that they can decide whether to file a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings, and the court is entitled to a pleading with sufficient specificity that it can decide such a motion if one is filed.

Plaintiffs argue that the defendants have notice of their claims based on certain bar complaints that they have filed against defendants. That is not sufficient. Not every violation of a bar rule gives rise to a tort and vice versa. The court is also not privy to the substance of any bar complaints that may have been filed. The issues in this case are

---

[1] This cause of action is brought against Hunt on behalf or Robert Nadeau individually as well as on behalf of his two children. As against defendants McGarry, Holmes, and McGarry & Holmes LLC, thisclaim is asserted solely on behalf of the children.

whether plaintiffs have stated cognizable tort claims and whether defendants are liable on those claims regardless of any bar violations that may – or may not – have occurred. Defendants are entitled to know the basis of the tort claims alleged against them in this action.

Plaintiffs also suggest that they are entitled to discovery before they need to identify their claims. A party is entitled to discovery in order to find evidence to substantiate its claims. However, a party is not entitled to file an action solely to allow it to engage in discovery for the purpose of figuring out if there is any basis to bring a claim.

The entry shall be:

Defendants' motions for a more definite statement are granted in all respects. Plaintiffs shall file an amended complaint by November 14, 2005 that identifies the statements made by Hunt that form the basis for the defamation claim and that identifies the actions taken by each defendant that constitute the basis for each cause of action asserted against that defendant. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October 31, 2005

Thomas D. Warren
Justice, Superior Court

Robert M. A. Nadeau, Indiv. (Pro se) - PL
Robert M. A. Nadeau, Esq. (Ian Robert Nadeau
                          and Erin Roland Nadeau) - PLS
Susan Driscoll, Esq. - Defs. Pamela S. Holmes, Amy B. McGarry & McGarry & Holmes, LLC
Wendell Large, Esq. - Def. Jack Hunt a/k/a John C. Hunt

3

STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-05-221

ROBERT M.A. NADEAU, individually
and as parent and guardian of IAN
ROBERT NADEAU and ERIN ROLAND
NADEAU, et al.,

      Plaintiffs,

      v.                                    ORDER

JACK HUNT, et al.,

      Defendants.

Before the court is a motion to dismiss filed by defendants Amy McGarry, Pamela Holmes, and McGarry & Holmes LLC (hereafter, the "McGarry defendants"). The McGarry defendants' motion is directed to the amended complaint filed on November 14, 2005 by plaintiffs Robert M.A. Nadeau, the law firm of Nadeau & Associates, and two of Nadeau's minor children in response to this court's order granting the McGarry defendants' initial motion for a more definite statement.

At the outset, although the amended complaint is not a model of clarity on this issue, plaintiffs have represented in their opposition to the McGarry defendants' motion that Count I ("Invasion of Privacy/Defamation"), Count III ("Emotional Distress"), and Count V ("Punitive Damages") are only asserted against the McGarry defendants on behalf of plaintiff Robert Nadeau's minor children and that Count II ("Interference with Advantageous Relations") is not asserted against the McGarry defendants at all.[1] As a result, the issue to be decided on this motion is whether Nadeau's children can proceed against the McGarry defendants on Counts I, III, and V and whether Nadeau, his law

---

[1] See Plaintiffs' Combined Objections to Defendants' Motion to Dismiss and Motion to Enlarge Scheduling Order, dated November 30, 2005 and filed December 1, 2005, at 3, 4, 5, 7.

firm, and his minor children can proceed against the McGarry defendants on Count IV ("Unfair Trade Practices").[2]

As to all of these claims, the McGarry defendants have two basic arguments. The first is that these claims were already litigated between Nadeau, his law firm and the McGarry defendants in Docket No. CV-03-267 and that, as a result, further litigation is barred by the doctrines of *res judicata* and collateral estoppel. The second argument is that Nadeau's minor children do not have standing to complain about torts that were allegedly committed, not against them, but against their father.

Two procedural issues should be addressed at the outset. First, in considering the issues of *res judicata* and collateral estoppel, the McGarry defendants have attached copies of the court's November 1, 2005 judgment and order in Docket No. CV-03-267 and have also attached copies of the October 28, 2005 transcript in which the court orally set forth its findings of fact and conclusions of law on the record in CV-03-267. Plaintiffs have not raised any objection to the submission of those materials, and it is well settled that a court can take judicial notice of its own records. See, e.g., Currier v. Cyr, 570 A.2d 1205, 1207-08 (Me. 1990); Warren v. Waterville Urban Renewal Authority, 290 A.2d 362, 367 (Me. 1972). Indeed, in resolving the *res judicata* and collateral estoppel issues raised by the McGarry defendants, the court will take judicial notice of the entire record in CV-03-267.

Second, after plaintiffs filed their opposition to the McGarry defendants' motion and after the McGarry defendants filed a reply brief, plaintiffs filed a reply of their own – in effect, a surreply brief not contemplated under the rules. Although the filing in

---

[2] Symptomatic of the lack of clarity that surrounds the claims asserted in the amended complaint, paragraph 22 of that document suggests that recovery on Count IV is sought against the McGarry defendants solely on behalf of Nadeau's minor children. However, in their papers opposing the motion to dismiss, plaintiffs argue that all plaintiffs are pursuing this count against the McGarry defendants.

question has not been objected to by the McGarry defendants, plaintiffs neither sought nor were granted leave from the court to file the submission in question. As a result, the surreply should be disregarded. Motion practice is not a free-for-all in which parties are entitled to file surreplies or rejoinders whenever they feel like it.

In addition, even if the court were to consider plaintiffs' surreply submission, there is nothing in that document that would affect the court's ruling on the motion.[3]

1.    Count I – Invasion of Privacy and Defamation Claims – *Res Judicata*

In the original complaint, plaintiffs appeared to be bringing Count I as a defamation claim solely against defendant Hunt[4] but the amended complaint now asserts invasion of privacy and defamation claims against the McGarry defendants on behalf of Nadeau's children. The original complaint was also singularly deficient in specifics. In response to the court's order granting the McGarry defendants' motion for a more definite statement, plaintiffs' amended complaint now lists various alleged defamatory statements and one alleged invasion of privacy. These are set forth in paragraphs 8 and 9 of the amended complaint.

---

[3] At one point in that document, plaintiffs state that the McGarry defendants are not entitled to summary judgment because they have not presented any undisputed facts. Plaintiffs' Reply to Defendants McGarry, Holmes, and McGarry & Holmes LLC's Reply Brief, dated December 22, 2005 and filed December 27, 2005, at 3 (last full paragraph). The court agrees that no motion for summary judgment has been filed and that disputed factual issues cannot be reached on a motion to dismiss. Plaintiffs have not argued, however, that the court cannot determine, based on its own records, what issues were litigated and decided in CV-03-267. See Currier v. Cyr, 570 A.2d at 1208 (court can take judicial notice of the entire record in another proceeding before the court and there are no factual issues to be resolved in determining the effect of the prior decision). If plaintiffs wished to raise such an argument, they were required to do so in their original opposition rather than in an unauthorized surreply. In any event, as Currier v Cyr demonstrates, the record in CV-03-267 is determinative of what was litigated in that case, and the effect of the prior decision upon the present action is a question of law. 570 A.2d at 1207-08. As a result, *res judicata* issues can be resolved at this stage without any need to file a motion for summary judgment.
[4] The original complaint also was not a model of clarity, but the "Wherefore" clause in Count I was directed solely against Hunt.

3

However, most if not all of the incidents referred to in paragraphs 8 and 9 of the amended complaint, to the extent that they relate to the McGarry defendants, have already been litigated at length and decided as part of the counterclaim brought by Nadeau and his law firm against the McGarry defendants in CV-03-267:

Thus, paragraph 8(b) of the amended complaint alleges that the McGarry defendants defamed Nadeau in a meeting with Lynnann Frydrych at Litchfield's Restaurant in November 2003. See Amended Complaint ¶¶ 8 (b)(1)-(10). This was the subject of considerable testimony at the trial in CV-03-267 and resulted in express findings that no defamation occurred and that no damage to Nadeau resulted. See October 28, 2005 Transcript in CR-03-267 (hereafter "October 28, 2005 Tr.") 38-41.[5]

Similarly, paragraph 8(c) of the amended complaint alleges that Holmes made defamatory statements about Nadeau to Kristie Cote. Those allegations were also part of the trial in CV-03-267 and also resulted in a finding against Nadeau and his law firm. October 28, 2005 Tr. 37-38.[6]

Paragraph 8(d) of the amended complaint alleges that the McGarry defendants, through statements, "facial gestures," and other actions, publicized false and reckless views about Nadeau to a variety of people. One of the persons listed as the alleged recipient of a defamatory communication (Karen Frink Wolf) was called as a witness at trial in CV-03-267. Three others were subpoenaed for trial but were not called as witnesses (Neil Jamieson, Dana Prescott, and Lise Wagner). At least one of the remaining individuals (Donna Bailey) was deposed in CV-03-267 to discover if she had been the recipient of defamatory or disparaging communications. Nadeau also sought to depose one of the remaining individuals listed (Meredith Richardson) in CV-03-267,

---

[5] In the transcript Frydrych's name appears as "Friedrick".
[6] In the October 28, 2005 transcript, Cote's name appears as "Coty".

4

but the court ruled that any conversations between the McGarry defendants and Ms. Richardson were privileged. Order dated August 11, 2004 and filed August 12, 2004 in CV-03-267. If Nadeau had evidence that any of individuals listed in paragraph 8(d) had been the recipients of nonprivileged defamatory statements made by the McGarry defendants, he could have offered that evidence at the trial in CV-03-267. The court's findings against Nadeau on all his defamation claims in CV-03-267 reflected the failure by Nadeau and his law firm to substantiate any of those claims at trial.

Paragraph 8(e) of the amended complaint in this case does not allege any cognizable claim of defamation or invasion of privacy. That paragraph, moreover, involves allegations that were litigated at some length in CV-03-267 and were the subject of findings by the court. See October 28, 2005 Tr. 41-45. On those issues the court found that when McGarry and Holmes left Litchfield's Restaurant, they had been told that Ms. Frydrych did not object to the matters that had been placed in the pleadings in CV-03-267 so long as her name was not mentioned. Id. The court also found that Ms. Frydrych's counsel thereafter expressed the view that Ms. Frydrych's confidentiality had not been adequately protected. The court did not find that McGarry or Holmes had lied with respect to any of these issues.[7]

The claim that defendant Holmes filed a frivolous judicial conduct complaint against Nadeau, see Amended Complaint ¶ 8(f)(1), was also litigated in CV-03-267 and resulted in a ruling against Nadeau in that case. October 28, 2005 Tr. 45-46. Likewise,

---

[7] The court does agree with plaintiffs that the October 28, 2005 transcript is inaccurate in one respect. What the court intended to say on page 45 of the transcript is that "I would not find plaintiffs to be above reproach in connection here." Either this sentence was inaccurately transcribed or the court, in announcing its decision, swallowed the word "not." In this connection the court was making three points. First, statements in pleadings are absolutely privileged so long as they are relevant, and all the statements made in the McGarry defendants' pleadings in CV-03-267 were relevant to the issues in that proceeding. Second, the McGarry defendants' statements that Nadeau had an affair with a person who at the time of the affair was a client were in fact true. See October 28, 2005 Tr. 28-29, 30-31. Third, although this did not affect the outcome of any claims in CV-03-267, the court was not sure that all of the facts with respect to Nadeau's affair with a client needed to be set forth in the initial papers that were filed.

the facts with respect to Holly Henderson's retraction of an affidavit and Holmes's attitude toward Nadeau's request to seal the pleadings, see Amended Complaint ¶¶ 8(f)(2) and (3), were fully explored at the trial in CV-03-267. If Nadeau thought those facts had given rise to some kind of independent claim against Holmes (as opposed to merely bearing on her motivation), he could have asserted that claim in CV-03-267.

Finally, plaintiffs' claim in this action that Nadeau was subjected to an invasion of privacy, see Amended Complaint ¶ 9, was fully litigated in CV-03-267 and was upheld in part and rejected in part. October 28, 2005 Tr. 60-70. This is the one claim on which Nadeau partially prevailed in CV-03-267. However, res judicata bars relitigation of claims on which a party has prevailed as well as claims on which a party was unsuccessful. Restatement (Second) of Judgments §§ 18(1), 21(1).

The above facts amply demonstrate that if Nadeau and his law firm were asserting the claims set forth in Count I of the amended complaint against the McGarry defendants, those claims would be barred by res judicata, collateral estoppel, or both. Indeed, this is virtually acknowledged by plaintiffs because, as against the McGarry defendants, Count I is brought only on behalf of Nadeau's minor children.

The doctrine of res judicata (also called "claim preclusion") bars relitigation of a claim if (1) the same parties or their privies are involved with both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters present for decision now were, or might have been, litigated in the prior action. Camps Newfound/Owatonna Corp. v. Town of Harrison, 1998 ME 20 ¶ 11, 705 A.2d 1109, 1113; Currier v. Cyr, 570 A.2d at 1208.[8] In this case, Nadeau and Nadeau & Associates

---

[8] The doctrine of collateral estoppel (also called "issue preclusion") prevents relitigation of specific factual issues already decided if the identical issue was determined by a prior final judgment and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding. Cline v Maine Coast Nordic, 1999 ME 72 ¶ 9, 728 A.2d 686, 688; Restatement (Second) of Judgments § 27. Since

6

brought counterclaims against Amy McGarry, Pamela Holmes, and McGarry & Holmes LLC in CV-03-267, and those claims have been resolved by a valid final judgment. Although an appeal has been taken from the judgment in CV-03-267, that does not deprive the judgment of finality for purposes of *res judicata*. See Restatement (Second) of Judgments § 13, comment f; 18A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters 2d, § 4433 at 78-79 and cases cited at n.12.[9]

As discussed above, all of the claims in Count I were either actually litigated by Nadeau and his law firm in CV-03-267 or could have been litigated in that case. Indeed, and rather strikingly, the allegations in paragraphs 8(b)(1)-(8), 8(e), and 8(f) of the amended complaint in this action simply repeat with minor modifications the allegations set forth in paragraphs 2(a), 2(b) and 4 of a September 14, 2005 offer of proof filed by defendants in CV-03-267. See Defendants' Specification of Claims of Defamation in CV-03-267, dated September 13, 2005 and filed September 14, 2005 in CV-03-267. At no point did the McGarry defendants object to litigating any of Nadeau's defamation or invasion of privacy claims in CV-03-267 even though most if not all of those claims involved conduct that postdated the initial complaint in that case.[10]

The remaining question is whether it makes any difference that in this case Count I is asserted against the McGarry defendants only on behalf of Nadeau's minor children. Notably, Count I does not allege that the McGarry defendants defamed the children or invaded the children's privacy. Instead, it specifically alleges that the

---

*res judicata* applies more broadly than collateral estoppel, the court will not separately discuss collateral estoppel except to note that most if not all of plaintiffs' claims were actually litigated in CV-03-267 and would therefore be barred by collateral estoppel as well.

[9] Indeed, if a case is dismissed based on *res judicata*, M.R.Civ.P. 60(b)(5) would specifically allow relief from that dismissal if the prior judgment on which *res judicata* is based is later "reversed or otherwise vacated." Accordingly, if the judgment in CV-03-267 is later reversed on appeal, plaintiffs could then seek relief in this action.

[10] By way of example, the alleged defamation at Litchfield's Restaurant, the dispute over Nadeau's request to seal the pleadings, and Holmes's judicial conduct complaint all post-dated the complaint and were litigated without objection.

7

McGarry defendants "have engaged in invasions of privacy and defamation of the Plaintiff, Nadeau, and the Plaintiff Firm that have had reasonably foreseeable, previously unaddressed significant financial and emotional consequences . . . upon the minor plaintiffs." Amended Complaint ¶ 7.

Where parties such as Nadeau's minor children bring actions for losses resulting from personal injury to another person – claims that are derivative rather than individual – such claims are barred by *res judicata*. The Restatement is clear on this subject:

> When a person with a family relationship to one suffering personal injury has a claim for loss to himself resulting from the injury, the determination of issues in an action by the injured person to recover for his injuries is preclusive against the family member, unless the judgment was based on a defense that is unavailable against the family member in the second action.

Restatement (Second) of Judgments § 48(2). The only exception to this rule under Maine law involves claims for loss of consortium, and those claims are treated differently because the statute governing consortium claims expressly provides for a separate and independent right of recovery. See, e.g., Parent v. Eastern Maine Medical Center, 2005 ME 112 ¶14, 884 A.2d 93, 96. There is no comparable statutory basis to exempt claims made by minor children based on alleged defamation against their father from Section 48 of the Restatement.

In sum, Count I of the Amended Complaint is barred as against the McGarry defendants by *res judicata*.


2.    Count I – Standing

Count I of the Amended Complaint is also barred as against the McGarry defendants because is Nadeau's minor children do not have standing to assert claims

8

for defamation or invasion of privacy where they were not the persons allegedly defamed or the persons whose privacy was allegedly invaded. Plaintiffs have cited no authority, and the court is aware of none, that would permit defamation or invasion of privacy claims to be asserted derivatively by Nadeau's minor children. Instead, as noted in Prosser and Keith, Torts § 111 at 778 at n.48 (5th ed. 1984), an action for defamation "is personal to the plaintiff and cannot be founded on defamation of another." [11] Indeed, one of the requisites of an action for defamation is that the defamatory statement be "of and concerning the plaintiff." Lester v. Powers, 596 A.2d 65, 69 (Me. 1991) (emphasis added and internal quotes omitted).

Similarly, Nadeau's children do not have standing to bring an invasion of privacy claim when the only invasion of privacy that has been alleged is the copying of information from their father's divorce and bar defense files. See Amended Complaint ¶ 9. Accordingly, Count I of the amended complaint is also dismissed as against the McGarry defendants on the alternative ground that Nadeau's children do not have standing to pursue that claim.


3.   Count I – Failure to State Claim

The foregoing discussion establishes that, with the possible exception of paragraph 8(d), all of the allegations contained in count I of the amended complaint were actually litigated in CV-03-267 and also establishes that the allegations in paragraph 8(d) could have been litigated in CV-03-267. The allegations in paragraph 8(d) are subject to dismissal for another reason as well. In its November 1, 2005 order

---

[11] In this connection, the Law Court ruled in one case that parents cannot sue for alleged infliction of emotional distress based on allegedly defamatory statements made about their son. Benjamin v. Aroostook Medical Center, 1996 Me. LEXIS 229 (1996). Although originally published in the advance sheets, this opinion was thereafter withdrawn from publication, apparently because it had either been intended as a memorandum decision or was subsequently converted to a memorandum decision. See 685 A.2d 765.

9

the court directed plaintiffs to identify the statements that form the basis for their defamation claim.[12] This follows from the principle that a defendant is entitled to sufficient notice of the content and circumstances of an allegedly defamatory statement to be able to determine whether defenses such as truth and privilege should be raised. See Lester v. Powers, 596 A.2d at 68 n.4; Picard v. Brennan, 307 A.2d 833, 834-35 (Me. 1973). Paragraph 8(d) of the amended complaint fails to meet this requirement. Instead, it consists of a list of persons to whom, through statements, "facial gestures," and other actions, Hunt and the McGarry defendants allegedly publicized false and reckless views about Nadeau's integrity, fairness, and competence. The allegedly false and reckless views that were allegedly publicized are unspecified.

In the first place, a defamation claim cannot be based on "facial gestures." Second, under Maine law as demonstrated by such cases as Picard v. Brennan and under the court's November 1, 2005 order, defendants were entitled to know the precise statements that were alleged to have been defamatory. See November 1, 2005 Order at 1. In entering its November 1 order, the court was influenced by its experience in CV-03-267, where Nadeau and his law firm spent considerable effort on what can only be described as a fishing expedition to find out whether defamatory or disparaging statements had ever been made.

In opposing the McGarry defendants' motion to dismiss, plaintiffs cite to M.R.Civ.P. 27, the provision in the civil rules governing pre-action discovery, and they admit that some of the conduct of which they complain is "still unknown but certainly discoverable." See Plaintiffs' Reply to Defendants McGarry, Holmes, and McGarry &

---

[12] At that time, as noted above, the defamation claim was solely asserted against Hunt.

10

Holmes LLC's Reply Brief, dated December 22, 2004, at 2 (emphasis added).[13] In the court's view, this evinces a misunderstanding of M.R.Civ.P. 27 and the litigation process.

Plaintiffs' reliance of M.R.Civ.P. 27 is entirely misplaced in light of the Law Court's ruling that Rule 27 is a method of perpetuating testimony and "is not a discovery device to assist plaintiffs to discover facts and frame a complaint." In re Petition of Sen, 1999 ME 83 ¶ 5, 730 A.2d 680, 682. Similarly, plaintiffs are not entitled to file a lawsuit alleging unspecified instances of defamation and then undertake discovery in the hope that they can find some evidence to substantiate their apparent suspicion that the defendants must have said something derogatory about Nadeau to someone.

4.    Count III – Emotional Distress Claim

Like Count I, Count III of the amended complaint is brought against the McGarry defendants only on behalf of Nadeau's minor children. On this count, the analysis tracks the previous discussion. First, no additional factual allegations are made in Count III, and Count III therefore stands on the previous allegations set forth in Counts I and II. See Amended Complaint ¶¶ 7-13, 15. The only specific allegations of misconduct by defendants are set forth in paragraphs 8 and 9 and have been discussed above. Once again, these claims would be barred by res judicata if asserted by Nadeau and his firm against the McGarry defendants and once again, under the principle set forth in Restatement (Second) of Judgments § 48(2), the minor children's claims are also precluded.

---

[13] Plaintiffs also relied on the existence of Rule 27 in their original opposition papers, see Plaintiffs' Combined Objections to Defendants' Motion to Dismiss, dated November 30, 2005 and filed December 1, 2005, at 3 n.2, and they even cited Rule 27 in ¶ 8 of the amended complaint.

11

Separate and apart from the *res judicata* issue, Nadeau's minor children also do not have standing to assert claims for intentional infliction of emotional distress based on damage to their father's reputation.[14] Finally, although the October 31, 2005 order directed plaintiffs to identify "the actions taken by each defendant that constitutes the basis for each cause of action asserted against that defendant," nothing in the amended complaint alleges any conduct by the McGarry defendants that was related to or directed at Nadeau's minor children. Count III must be dismissed as against the McGarry defendants.

5.     Count IV – Claims of Unfair or Deceptive Acts or Practices

Count IV is apparently brought against the McGarry defendants by Nadeau and his law firm on their own behalf as well as by Nadeau on behalf of his minor children.[15] In light of the foregoing discussion, the flaws in this cause of action can be summarily enumerated.

First, although the court made clear in its October 31 order that merely alleging unspecified violations of bar rules was not sufficient to give fair notice to defendant of the grounds on which monetary damages were being sought against them, see November 1, 2005 Order at 2-3, plaintiffs have offered nothing more than a litany of bar rules in Count IV of the amended complaint. Unspecified violations of various bar rules do not state cognizable claims under the Unfair Trade Practices Act. On that basis alone, Count IV can be dismissed against the McGarry defendants.

---

[14] If Nadeau's minor children could bring such claims, so could his parents or siblings or even close friends who might allege they have suffered emotional distress because Nadeau's reputation has been harmed. The court is aware of no authority for an emotional distress claim based on harm to others. In far more compelling circumstances, such claims have been rejected. See Cameron v. Pepin, 610 A.2d 279 (Me. 1992).

[15] But see n. 2 *supra*.

12

Second, to the extent that plaintiffs are again relying on the same factual allegations set forth in paragraphs 8 and 9 of the complaint, none of those allegations states a claim under the Unfair Trade Practices Act because none of those claims remotely involve the purchase or lease of goods, services, or property for personal, family, or household purposes. See 5 M.R.S.A. § 213 (1).

Third, to the extent that plaintiffs are relying on unspecified conduct not alleged in paragraphs 8 and 9, Count IV is insufficient as a matter of law because plaintiffs have not identified the unspecified conduct and have not alleged that the unspecified conduct involved the purchase or lease of goods, services, or property for personal, family, or household purposes.

Fourth, to the extent that plaintiffs are basing their unfair trade practice claims on conduct that was or could have been litigated in CV-03-267, Count IV is barred as against the McGarry defendants by *res judicata*. In this respect, it bears emphasis that *res judicata* applies not only to the claims that were actually litigated in a prior action but also applies to any other claims based on the same conduct that could have been litigated in the prior action. See Dumont v. Fleet Bank, 2000 ME 197 ¶¶ 6-7, 760 A.2d 1049, 1052; Camps Newfound/Owatonna Corp. v. Town of Harrison, 1998 ME 20 ¶ 11-12, 705 A.2d at 1113-14; Currier v. Cyr, 570 A.2d at 1208. Even if a new legal theory is advanced in the second case, *res judicata* applies. Id.

Fifth, to the extent that Unfair Trade Practice claims are advanced on behalf of Nadeau's children based on claims that were or could have been litigated in CV-03-267, the children's' derivative claims are barred by *res judicata* to the same extent as their father's claims.

Sixth, although plaintiffs contend that the court declined to permit consideration of any bar proceedings in CV-03-267 because those issues arose after the termination of

13

the employment issue that was the focus of CV-03-267,[16] that is not the court's recollection. The court was aware that Nadeau had filed various bar complaints but believed that whether bar violations had occurred (on the part of Nadeau or the McGarry defendants) was a separate issue from the contract and tort claims that were before the court in CV-03-267. Alleged bar violations are also a matter for the Grievance Committee, as opposed to the Superior Court, to consider.

However, to the extent that any conduct that was the subject of bar complaints also gave rise to alleged tort or contract claims, the court did not preclude Nadeau and his firm from litigating those claims in CV-03-267. As noted above, a large number of the claims raised by Nadeau and his firm in CV-03-267 involved conduct that occurred after the complaint in that action had been filed.[17] Furthermore, it is the court's understanding, although it is not familiar with the substance of the bar complaints that Nadeau has filed, that some of those complaints involve the same alleged conduct that formed the basis for claims that were litigated in CV-03-267, including the failure to seal the pleadings and the copying of information from Nadeau's divorce file.

Seventh, to the extent that Count IV is asserted on behalf of Nadeau's minor children, the children do not have standing to pursue claims based on alleged unfair trade practices committed against their father.

Eighth, as far as Nadeau's minor children are concerned, there are also no allegations that they suffered any loss of money or property – allegations which are a prerequisite for relief under the Unfair Trade Practices Act. See 5 M.R.S.A. § 213(1).

♣

---

[16] See Plaintiffs' Combined Objections to Defendants' Motion to Dismiss and Motion to Enlarge Scheduling Order, dated November 30, 2005 and filed December 1, 2005, at 6.

[17] See n.10 supra.

14

6. <u>Count V – Punitive Damages</u>

As against the McGarry defendants, Count V seeks punitive damages only on behalf of•Nadeau's children. Since punitive damages can only be awarded if there is an award of compensatory damages, e.g., <u>Jolowitz v. Alfa Romeo Distributors</u>, 2000 ME 174 ¶11, 760 A.2d 625, 629, the dismissal of the Nadeau children's claims for compensatory damages against the McGarry defendants necessitates the dismissal of their punitive damages claim as well.

7. <u>McGarry Defendants' Request for Attorneys Fees</u>

Accompanying the McGarry defendants' motion to dismiss is a request that they be awarded their attorneys fees in defending this action. Under the circumstances of this case, where there is no statutory provision for attorneys fees, an award of attorneys fees can only be made upon a determination by the court that the assertion of claims against the McGarry defendants in this action constituted the kind of egregious conduct and abuse of the litigation process that would justify a departure from the "American Rule" that losing parties are not responsible for their opponent's legal fees. <u>See</u> <u>Linscott v. Foy</u>, 1998 ME 206 ¶¶ 16-17, 716 A.2d 1017, 1021. <u>See generally</u> <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 45-46 (1991) (court has inherent power to assess attorneys fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons). Under <u>Linscott</u>, fees may not be awarded in the absence of significant bad faith on the part of a litigant. 1998 ME 206 ¶ 17, 716 A.2d at 1021.

Fees may also be awarded in appropriate circumstances for violations of M.R.Civ.P. 11(a), which provides that the signing of a pleading constitutes a representation that, to the best of the signer's knowledge, information, and belief, "there is good ground to support it." Rule 11 provides for the imposition of sanctions,

including attorneys fees, when a pleading is signed "with intent to defeat the purpose of this rule." In this case, the use of Rule 11 may be complicated to some extent because the operative pleading here – the amended complaint - was not signed by Nadeau but by "Kellie Cameron for Robert M.A. Nadeau, Esq." Nevertheless; the rule provides that sanctions may be imposed upon a represented party as well as on counsel.

In the court's view, there are grounds for finding that – as against the McGarry defendants[18] - the initiation and continued prosecution of this case constitutes an egregious abuse of the litigation process and a violation of Rule 11:

- Attorney Nadeau is an able and experienced attorney who is obviously familiar with the doctrine of *res judicata*. His decision to pursue Counts I, III, and V only on behalf of his minor children is tantamount to an admission that *res judicata* would apply to those claims if they were asserted on his own behalf and on behalf of his law firm.

- The joinder of Nadeau's minor children as plaintiffs in this action – when the claims involve alleged defamation of <u>Nadeau</u> and alleged invasion of <u>Nadeau</u>'s privacy – is a transparent attempt to circumvent *res judicata*.

- Nadeau filed the complaint in this action on behalf of his minor children in July 2005 even though it is the court's recollection that he testified at the trial in September 2005 that he had not communicated with his minor children in some time, that his children were refusing to communicate with him, and that he was no longer going to let them interfere with his happiness.

- Nadeau's animus against the McGarry defendants has become increasingly evident during the course of CV-03-267 and the prosecution of this case. In CV-03-267 this was epitomized by personal attacks that were contained in the summary judgment papers Nadeau filed. Calling one's adversaries "desperate, greedy attorneys," stating that they

---

[18] The court expresses no views as to the merits of plaintiffs' claims against the other defendant, Jack Hunt. If plaintiffs have a viable cause of action against Hunt for defamation or any other tortious act, they will be entitled to proceed against Hunt. What they are not entitled to do is to relitigate claims against the McGarry defendants that have already been resolved in CV-03-267.

The court is aware that defendant Hunt has filed a motion for summary judgment which the court has received from the clerk's office, but the court has not yet reviewed that motion or plaintiffs' opposition to that motion.

16

are "conveniently, greedily, and hatefully" depicting events, and opining that they are "outright lying and discredited, if not also completely ignorant"[19] is evidence, to say the least, of a lack of detachment shown by Nadeau toward the McGarry defendants.

- Attorney Nadeau's conduct in conducting the deposition of defendant McGarry in CV-03-267 was found to have been out of line in certain respects and to have crossed the line into badgering. See Order dated June 28 and filed June 30, 2004 in CV-03-267 at 2-4. In that order at 3 n.3, the court made an observation that remains pertinent:

  "While it may be understandable that [Nadeau] would have strong feelings about this case as a litigant, his obligation as a lawyer is to remain professional and if he cannot do that, he should retain someone to represent him."

- In his summary judgment papers in CV-03-267 Nadeau recited that as of that time he had filed 16 bar complaints against the McGarry defendants and Hunt. The sheer number of those complaints, together with the attempt to relitigate Nadeau's claims against the McGarry defendants in this action, is a significant basis for concern that Nadeau's dispute with the McGarry defendants has become a vendetta.

- It has not escaped the court's attention that since Nadeau is representing himself in all these proceedings while the McGarry defendants have retained counsel, even unsuccessful litigation against the McGarry defendants has the effect of punishing them by imposing costs on them.

- Nadeau has continued to pursue this lawsuit – even bringing additional claims against the McGarry defendants[20] – without giving any heed to the factual and legal rulings against him in CV-03-267, the entry of final judgment in CV-03-267, the fact that the court found the testimony of the McGarry defendants in that action to be credible, and the fact that in so doing, it necessarily found certain of Nadeau's own testimony not to be credible.

The above factors constitute a basis to find that the initiation and continued

prosecution of this case against the McGarry defendants constitutes an abuse of the

---

[19] See Order dated July 29, 2005 and filed August 1, 2005 in CV-03-267 at 5 at n.5 and citations to pleadings contained therein.

[20] As noted above, Count I of the original complaint was asserted solely against defendant Hunt.

litigation process under <u>Linscott</u> and that the amended complaint constitutes a violation of Rule 11. However, because any award of attorneys' fees requires a finding of "significant bad faith," plaintiffs deserve to be heard on that issue. In addition, some further inquiry is necessary as to whether the amended complaint was signed with intent to defeat Rule 11 and whether Nadeau is responsible for that pleading even though he did not sign it. Accordingly, the court will hold a further hearing with respect to whether the McGarry defendants are entitled to attorneys fees.

One other point should be made. The court is aware that an appeal is pending from the judgment in CV-03-267. If the court committed errors in that case or if there is any other basis to overturn or alter that judgment, Nadeau and his law firm have every right to pursue those issues before the Law Court. If they are successful, the judgment in CV-03-267 will be reversed in whole or in part or that case retried. However, whether Nadeau is ultimately successful or unsuccessful on appeal and in any retrial of CV-03-267 does not affect the court's view as to the claims against the McGarry defendants in this case. Whether he should win or lose on the issues he is raising on appeal from the judgment in CV-03-267, there is no basis for Nadeau to harass the McGarry defendants by relitigating the same claims and issues against them in a subsequent lawsuit.

The entry shall be:

The motion to dismiss by defendants Amy McGarry, Pamela Holmes, and McGarry & Holmes LLC is granted and the amended complaint is dismissed with prejudice against defendants McGarry, Holmes, and McGarry & Holmes LLC. A separate hearing will be held for the parties to offer evidence on the issues of whether plaintiffs have engaged in bad faith and whether Rule 11 has been violated. If Attorney Nadeau does not accept full responsibility for the amended complaint even though he did not sign it, Kellie Cameron shall attend the hearing.
  The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

18

Dated: March 2-0, 2006

Thomas D. Warren
Justice, Superior Court

Robert M. A. Nadeau, Esq. – PLS
Wendell Large, Esq. – DEF. JACK HUNT
Susan Driscoll, Esq. – DEFS. AMY B. MCGARRY, PAMELA S. HOLMES, MCGARRY & HOLMES LL

STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-05-221

ROBERT M.A. NADEAU, individually
and as parent and guardian of IAN
ROBERT NADEAU and ERIN ROLAND
NADEAU, et al.,

       Plaintiffs,

    v.

JACK HUNT, et al.,

       Defendants.

AMENDED ORDER

Before the court is a motion to dismiss filed by defendants Amy McGarry, Pamela Holmes, and McGarry & Holmes LLC (hereafter, the "McGarry defendants"). The McGarry defendants' motion is directed to the amended complaint filed on November 14, 2005 by plaintiffs Robert M.A. Nadeau, the law firm of Nadeau & Associates, and two of Nadeau's minor children in response to this court's order granting the McGarry defendants' initial motion for a more definite statement.

At the outset, although the amended complaint is not a model of clarity on this issue, plaintiffs have represented in their opposition to the McGarry defendants' motion that Count I ("Invasion of Privacy/Defamation"), Count III ("Emotional Distress"), and Count V ("Punitive Damages") are only asserted against the McGarry defendants on behalf of plaintiff Robert Nadeau's minor children and that Count II ("Interference with Advantageous Relations") is not asserted against the McGarry defendants at all.[1] As a result, the issue to be decided on this motion is whether Nadeau's children can proceed against the McGarry defendants on Counts I, III, and V and whether Nadeau, his law

---

[1] See Plaintiffs' Combined Objections to Defendants' Motion to Dismiss and Motion to Enlarge Scheduling Order, dated November 30, 2005 and filed December 1, 2005, at 3, 4, 5, 7.

firm, and his minor children can proceed against the McGarry defendants on Count IV ("Unfair Trade Practices").[2]

As to all of these claims, the McGarry defendants have two basic arguments. The first is that these claims were already litigated between Nadeau, his law firm and the McGarry defendants in Docket No. CV-03-267 and that, as a result, further litigation is barred by the doctrines of *res judicata* and collateral estoppel. The second argument is that Nadeau's minor children do not have standing to complain about torts that were allegedly committed, not against them, but against their father.

Two procedural issues should be addressed at the outset. First, in considering the issues of *res judicata* and collateral estoppel, the McGarry defendants have attached copies of the court's November 1, 2005 judgment and order in Docket No. CV-03-267 and have also attached copies of the October 28, 2005 transcript in which the court orally set forth its findings of fact and conclusions of law on the record in CV-03-267. Plaintiffs have not raised any objection to the submission of those materials, and it is well settled that a court can take judicial notice of its own records. See, e.g., Currier v. Cyr, 570 A.2d 1205, 1207-08 (Me. 1990); Warren v. Waterville Urban Renewal Authority, 290 A.2d 362, 367 (Me. 1972). Indeed, in resolving the *res judicata* and collateral estoppel issues raised by the McGarry defendants, the court will take judicial notice of the entire record in CV-03-267.

Second, after plaintiffs filed their opposition to the McGarry defendants' motion and after the McGarry defendants filed a reply brief, plaintiffs filed a reply of their own – in effect, a surreply brief not contemplated under the rules. Although the filing in

---

[2] Symptomatic of the lack of clarity that surrounds the claims asserted in the amended complaint, paragraph 22 of that document suggests that recovery on Count IV is sought against the McGarry defendants solely on behalf of Nadeau's minor children. However, in their papers opposing the motion to dismiss, plaintiffs argue that all plaintiffs are pursuing this count against the McGarry defendants.

2

question has not been objected to by the McGarry defendants, plaintiffs neither sought nor were granted leave from the court to file the submission in question. As a result, the surreply should be disregarded. Motion practice is not a free-for-all in which parties are entitled to file surreplies or rejoinders whenever they feel like it.

In addition, even if the court were to consider plaintiffs' surreply submission, there is nothing in that document that would affect the court's ruling on the motion.[3]

1.      Count I – Invasion of Privacy and Defamation Claims – *Res Judicata*

In the original complaint, plaintiffs appeared to be bringing Count I as a defamation claim solely against defendant Hunt[4] but the amended complaint now asserts invasion of privacy and defamation claims against the McGarry defendants on behalf of Nadeau's children. The original complaint was also singularly deficient in specifics. In response to the court's order granting the McGarry defendants' motion for a more definite statement, plaintiffs' amended complaint now lists various alleged defamatory statements and one alleged invasion of privacy. These are set forth in paragraphs 8 and 9 of the amended complaint.

---

[3] At one point in that document, plaintiffs state that the McGarry defendants are not entitled to summary judgment because they have not presented any undisputed facts. Plaintiffs' Reply to Defendants McGarry, Holmes, and McGarry & Holmes LLC's Reply Brief, dated December 22, 2005 and filed December 27, 2005, at 3 (last full paragraph). The court agrees that no motion for summary judgment has been filed and that disputed factual issues cannot be reached on a motion to dismiss. Plaintiffs have not argued, however, that the court cannot determine, based on its own records, what issues were litigated and decided in CV-03-267. See Currier v. Cyr, 570 A.2d at 1208 (court can take judicial notice of the entire record in another proceeding before the court and there are no factual issues to be resolved in determining the effect of the prior decision). If plaintiffs wished to raise such an argument, they were required to do so in their original opposition rather than in an unauthorized surreply. In any event, as Currier v Cyr demonstrates, the record in CV-03-267 is determinative of what was litigated in that case, and the effect of the prior decision upon the present action is a question of law. 570 A.2d at 1207-08. As a result, *res judicata* issues can be resolved at this stage without any need to file a motion for summary judgment.
[4] The original complaint also was not a model of clarity, but the "Wherefore" clause in Count I was directed solely against Hunt.

3

However, most if not all of the incidents referred to in paragraphs 8 and 9 of the amended complaint, to the extent that they relate to the McGarry defendants, have already been litigated at length and decided as part of the counterclaim brought by Nadeau and his law firm against the McGarry defendants in CV-03-267:

Thus, paragraph 8(b) of the amended complaint alleges that the McGarry defendants defamed Nadeau in a meeting with Lynnann Frydrych at Litchfield's Restaurant in November 2003. See Amended Complaint ¶¶ 8 (b)(1)-(10). This was the subject of considerable testimony at the trial in CV-03-267 and resulted in express findings that no defamation occurred and that no damage to Nadeau resulted. See October 28, 2005 Transcript in CR-03-267 (hereafter "October 28, 2005 Tr.") 38-41.[5]

Similarly, paragraph 8(c) of the amended complaint alleges that Holmes made defamatory statements about Nadeau to Kristie Cote. Those allegations were also part of the trial in CV-03-267 and also resulted in a finding against Nadeau and his law firm. October 28, 2005 Tr. 37-38.[6]

Paragraph 8(d) of the amended complaint alleges that the McGarry defendants, through statements, "facial gestures," and other actions, publicized false and reckless views about Nadeau to a variety of people. One of the persons listed as the alleged recipient of a defamatory communication (Karen Frink Wolf) was called as a witness at trial in CV-03-267. Three others were subpoenaed for trial but were not called as witnesses (Neil Jamieson, Dana Prescott, and Lise Wagner). At least one of the remaining individuals (Donna Bailey) was deposed in CV-03-267 to discover if she had been the recipient of defamatory or disparaging communications. Nadeau also sought to depose one of the remaining individuals listed (Meredith Richardson) in CV-03-267,

---

[5] In the transcript Frydrych's name appears as "Friedrick".
[6] In the October 28, 2005 transcript, Cote's name appears as "Coty".

4

but the court ruled that any conversations between the McGarry defendants and Ms. Richardson were privileged. Order dated August 11, 2004 and filed August 12, 2004 in CV-03-267. If Nadeau had evidence that any of individuals listed in paragraph 8(d) had been the recipients of nonprivileged defamatory statements made by the McGarry defendants, he could have offered that evidence at the trial in CV-03-267. The court's findings against Nadeau on all his defamation claims in CV-03-267 reflected the failure by Nadeau and his law firm to substantiate any of those claims at trial.

Paragraph 8(e) of the amended complaint in this case does not allege any cognizable claim of defamation or invasion of privacy. That paragraph, moreover, involves allegations that were litigated at some length in CV-03-267 and were the subject of findings by the court. See October 28, 2005 Tr. 41-45. On those issues the court found that when McGarry and Holmes left Litchfield's Restaurant, they had been told that Ms. Frydrych did not object to the matters that had been placed in the pleadings in CV-03-267 so long as her name was not mentioned. Id. The court also found that Ms. Frydrych's counsel thereafter expressed the view that Ms. Frydrych's confidentiality had not been adequately protected. The court did not find that McGarry or Holmes had lied with respect to any of these issues.[7]

---

[7] The court does, however, disagree with the McGarry defendants that it found the McGarry defendants to be "above reproach" in connection with the information contained in their pleadings in CV-03-267. See McGarry defendants' motion to dismiss at 10. The relevant portion of the October 28, 2005 transcript states as follows:

It does not mean, however, that I'm going to say that, and maybe I have already made this clear but I want to be crystal clear on it, that I would find the plaintiffs to be above reproach in connection here.

October 28, 2005 Tr. 45 (emphasis added). The court's attempt to be clear appears to have been less than successful, but the court was attempting to make three points. First, statements in pleadings are absolutely privileged so long as they are relevant, and all the statements made in the McGarry defendants' pleadings in CV-03-267 were relevant to the issues in that proceeding. Second, the McGarry defendants' statements that Nadeau had an affair with a person who at the time of the affair was a client were in fact true. See October 28, 2005 Tr. 28-29, 30-31. Third, although this did not affect the outcome of any claims in CV-03-267, the court was not sure that all of the facts with respect to Nadeau's affair with a client needed to be set forth in the initial papers that were filed.

5

The claim that defendant Holmes filed a frivolous judicial conduct complaint against Nadeau, see Amended Complaint ¶ 8(f)(1), was also litigated in CV-03-267 and resulted in a ruling against Nadeau in that case. October 28, 2005 Tr. 45-46. Likewise, the facts with respect to Holly Henderson's retraction of an affidavit and Holmes's attitude toward Nadeau's request to seal the pleadings, see Amended Complaint ¶¶ 8(f)(2) and (3), were fully explored at the trial in CV-03-267. If Nadeau thought those facts had given rise to some kind of independent claim against Holmes (as opposed to merely bearing on her motivation), he could have asserted that claim in CV-03-267.

Finally, plaintiffs' claim in this action that Nadeau was subjected to an invasion of privacy, see Amended Complaint ¶ 9, was fully litigated in CV-03-267 and was upheld in part and rejected in part. October 28, 2005 Tr. 60-70. This is the one claim on which Nadeau partially prevailed in CV-03-267. However, *res judicata* bars relitigation of claims on which a party has prevailed as well as claims on which a party was unsuccessful. Restatement (Second) of Judgments §§ 18(1), 21(1).

The above facts amply demonstrate that if Nadeau and his law firm were asserting the claims set forth in Count I of the amended complaint against the McGarry defendants, those claims would be barred by *res judicata*, collateral estoppel, or both. Indeed, this is virtually acknowledged by plaintiffs because, as against the McGarry defendants, Count I is brought only on behalf of Nadeau's minor children.

The doctrine of *res judicata* (also called "claim preclusion") bars relitigation of a claim if (1) the same parties or their privies are involved with both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters present for decision now were, or might have been, litigated in the prior action. Camps Newfound/Owatonna Corp. v. Town of Harrison, 1998 ME 20 ¶ 11, 705 A.2d 1109,

6

1113; <u>Currier v. Cyr</u>, 570 A.2d at 1208.[8] In this case, Nadeau and Nadeau & Associates brought counterclaims against Amy McGarry, Pamela Holmes, and McGarry & Holmes LLC in CV-03-267, and those claims have been resolved by a valid final judgment. Although an appeal has been taken from the judgment in CV-03-267, that does not deprive the judgment of finality for purposes of *res judicata*. See Restatement (Second) of Judgments § 13, comment f; 18A Wright, Miller & Cooper, <u>Federal Practice and Procedure: Jurisdiction and Related Matters 2d</u>, § 4433 at 78-79 and cases cited at n.12.[9]

As discussed above, all of the claims in Count I were either actually litigated by Nadeau and his law firm in CV-03-267 or could have been litigated in that case. Indeed, and rather strikingly, the allegations in paragraphs 8(b)(1)-(8), 8(e), and 8(f) of the amended complaint in this action simply repeat with minor modifications the allegations set forth in paragraphs 2(a), 2(b) and 4 of a September 14, 2005 offer of proof filed by defendants in CV-03-267. See Defendants' Specification of Claims of Defamation in CV-03-267, dated September 13, 2005 and filed September 14, 2005 in CV-03-267. At no point did the McGarry defendants object to litigating any of Nadeau's defamation or invasion of privacy claims in CV-03-267 even though most if not all of those claims involved conduct that postdated the initial complaint in that case.[10]

---

[8] The doctrine of collateral estoppel (also called "issue preclusion") prevents relitigation of specific factual issues already decided if the identical issue was determined by a prior final judgment and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding. <u>Cline v Maine Coast Nordic</u>, 1999 ME 72 ¶ 9, 728 A.2d 686, 688; Restatement (Second) of Judgments § 27. Since *res judicata* applies more broadly than collateral estoppel, the court will not separately discuss collateral estoppel except to note that most if not all of plaintiffs' claims were actually litigated in CV-03-267 and would therefore be barred by collateral estoppel as well.

[9] Indeed, if a case is dismissed based on *res judicata*, M.R.Civ.P. 60(b)(5) would specifically allow relief from that dismissal if the prior judgment on which *res judicata* is based is later "reversed or otherwise vacated." Accordingly, if the judgment in CV-03-267 is later reversed on appeal, plaintiffs could then seek relief in this action.

[10] By way of example, the alleged defamation at Litchfield's Restaurant, the dispute over Nadeau's request to seal the pleadings, and Holmes's judicial conduct complaint all post-dated the complaint and were litigated without objection.

7

The remaining question is whether it makes any difference that in this case Count I is asserted against the McGarry defendants only on behalf of Nadeau's minor children. Notably, Count I does not allege that the McGarry defendants defamed the children or invaded the children's privacy. Instead, it specifically alleges that the McGarry defendants "have engaged in invasions of privacy and defamation of the Plaintiff, Nadeau, and the Plaintiff Firm that have had reasonably foreseeable, previously unaddressed significant financial and emotional consequences . . . upon the minor plaintiffs." Amended Complaint ¶ 7.

Where parties such as Nadeau's minor children bring actions for losses resulting from personal injury to another person – claims that are derivative rather than individual – such claims are barred by *res judicata*. The Restatement is clear on this subject:

> When a person with a family relationship to one suffering personal injury has a claim for loss to himself resulting from the injury, the determination of issues in an action by the injured person to recover for his injuries is preclusive against the family member, unless the judgment was based on a defense that is unavailable against the family member in the second action.

Restatement (Second) of Judgments § 48(2). The only exception to this rule under Maine law involves claims for loss of consortium, and those claims are treated differently because the statute governing consortium claims expressly provides for a separate and independent right of recovery. See, e.g., Parent v. Eastern Maine Medical Center, 2005 ME 112 ¶14, 884 A.2d 93, 96. There is no comparable statutory basis to exempt claims made by minor children based on alleged defamation against their father from Section 48 of the Restatement.

In sum, Count I of the Amended Complaint is barred as against the McGarry defendants by *res judicata*.

8

## 2.  Count I – Standing

Count I of the Amended Complaint is also barred as against the McGarry defendants because is Nadeau's minor children do not have standing to assert claims for defamation or invasion of privacy where they were not the persons allegedly defamed or the persons whose privacy was allegedly invaded. Plaintiffs have cited no authority, and the court is aware of none, that would permit defamation or invasion of privacy claims to be asserted derivatively by Nadeau's minor children. Instead, as noted in Prosser and Keith, Torts § 111 at 778 at n.48 (5th ed. 1984), an action for defamation "is personal to the plaintiff and cannot be founded on defamation of another."[11]  Indeed, one of the requisites of an action for defamation is that the defamatory statement be "of and concerning the plaintiff." Lester v. Powers, 596 A.2d 65, 69 (Me. 1991) (emphasis added and internal quotes omitted).

Similarly, Nadeau's children do not have standing to bring an invasion of privacy claim when the only invasion of privacy that has been alleged is the copying of information from their father's divorce and bar defense files. See Amended Complaint ¶ 9. Accordingly, Count I of the amended complaint is also dismissed as against the McGarry defendants on the alternative ground that Nadeau's children do not have standing to pursue that claim.

---

[11] In this connection, the Law Court ruled in one case that parents cannot sue for alleged infliction of emotional distress based on allegedly defamatory statements made about their son. Benjamin v. Aroostook Medical Center, 1996 Me. LEXIS 229 (1996). Although originally published in the advance sheets, this opinion was thereafter withdrawn from publication, apparently because it had either been intended as a memorandum decision or was subsequently converted to a memorandum decision. See 685 A.2d 765.

9

3.    Count I – Failure to State Claim

The foregoing discussion establishes that, with the possible exception of paragraph 8(d), all of the allegations contained in count I of the amended complaint were actually litigated in CV-03-267 and also establishes that the allegations in paragraph 8(d) could have been litigated in CV-03-267. The allegations in paragraph 8(d) are subject to dismissal for another reason as well. In its November 1, 2005 order the court directed plaintiffs to identify the statements that form the basis for their defamation claim.[12] This follows from the principle that a defendant is entitled to sufficient notice of the content and circumstances of an allegedly defamatory statement to be able to determine whether defenses such as truth and privilege should be raised. See Lester v. Powers, 596 A.2d at 68 n.4; Picard v. Brennan, 307 A.2d 833, 834-35 (Me. 1973). Paragraph 8(d) of the amended complaint fails to meet this requirement. Instead, it consists of a list of persons to whom, through statements, "facial gestures," and other actions, Hunt and the McGarry defendants allegedly publicized false and reckless views about Nadeau's integrity, fairness, and competence. The allegedly false and reckless views that were allegedly publicized are unspecified.

In the first place, a defamation claim cannot be based on "facial gestures." Second, under Maine law as demonstrated by such cases as Picard v. Brennan and under the court's November 1, 2005 order, defendants were entitled to know the precise statements that were alleged to have been defamatory. See November 1, 2005 Order at 1. In entering its November 1 order, the court was influenced by its experience in CV-03-267, where Nadeau and his law firm spent considerable effort on what can only be described as a fishing expedition to find out whether defamatory or disparaging statements had ever been made.

---

[12] At that time, as noted above, the defamation claim was solely asserted against Hunt.

10

In opposing the McGarry defendants' motion to dismiss, plaintiffs cite to M.R.Civ.P. 27, the provision in the civil rules governing pre-action discovery, and they admit that some of the conduct of which they complain is "still unknown but certainly discoverable." See Plaintiffs' Reply to Defendants McGarry, Holmes, and McGarry & Holmes LLC's Reply Brief, dated December 22, 2004, at 2 (emphasis added).[13] In the court's view, this evinces a misunderstanding of M.R.Civ.P. 27 and the litigation process.

Plaintiffs' reliance of M.R.Civ.P. 27 is entirely misplaced in light of the Law Court's ruling that Rule 27 is a method of perpetuating testimony and "is not a discovery device to assist plaintiffs to discover facts and frame a complaint." In re Petition of Sen, 1999 ME 83 ¶ 5, 730 A.2d 680, 682. Similarly, plaintiffs are not entitled to file a lawsuit alleging unspecified instances of defamation and then undertake discovery in the hope that they can find some evidence to substantiate their apparent suspicion that the defendants must have said something derogatory about Nadeau to someone.

4.    Count III – Emotional Distress Claim

Like Count I, Count III of the amended complaint is brought against the McGarry defendants only on behalf of Nadeau's minor children. On this count, the analysis tracks the previous discussion. First, no additional factual allegations are made in Count III, and Count III therefore stands on the previous allegations set forth in Counts I and II. See Amended Complaint ¶¶ 7-13, 15. The only specific allegations of misconduct by defendants are set forth in paragraphs 8 and 9 and have been discussed

---

[13] Plaintiffs also relied on the existence of Rule 27 in their original opposition papers, see Plaintiffs' Combined Objections to Defendants' Motion to Dismiss, dated November 30, 2005 and filed December 1, 2005, at 3 n.2, and they even cited Rule 27 in ¶ 8 of the amended complaint.

above. Once again, these claims would be barred by *res judicata* if asserted by Nadeau and his firm against the McGarry defendants and once again, under the principle set forth in Restatement (Second) of Judgments § 48(2), the minor children's claims are also precluded.

Separate and apart from the *res judicata* issue, Nadeau's minor children also do not have standing to assert claims for intentional infliction of emotional distress based on damage to their father's reputation.[14] Finally, although the October 31, 2005 order directed plaintiffs to identify "the actions taken by each defendant that constitutes the basis for each cause of action asserted against that defendant," nothing in the amended complaint alleges any conduct by the McGarry defendants that was related to or directed at Nadeau's minor children. Count III must be dismissed as against the McGarry defendants.


5.     Count IV – Claims of Unfair or Deceptive Acts or Practices

Count IV is apparently brought against the McGarry defendants by Nadeau and his law firm on their own behalf as well as by Nadeau on behalf of his minor children.[15] In light of the foregoing discussion, the flaws in this cause of action can be summarily enumerated.

First, although the court made clear in its October 31 order that merely alleging unspecified violations of bar rules was not sufficient to give fair notice to defendant of the grounds on which monetary damages were being sought against them, <u>see</u>

---

[14] If Nadeau's minor children could bring such claims, so could his parents or siblings or even close friends who might allege they have suffered emotional distress because Nadeau's reputation has been harmed. The court is aware of no authority for an emotional distress claim based on harm to others. In far more compelling circumstances, such claims have been rejected. <u>See Cameron v. Pepin</u>, 610 A.2d 279 (Me. 1992).

[15] But see n. 2 *supra*.

12

November 1, 2005 Order at 2-3, plaintiffs have offered nothing more than a litany of bar rules in Count IV of the amended complaint. Unspecified violations of various bar rules do not state cognizable claims under the Unfair Trade Practices Act. On that basis alone, Count IV can be dismissed against the McGarry defendants.

Second, to the extent that plaintiffs are again relying on the same factual allegations set forth in paragraphs 8 and 9 of the complaint, none of those allegations states a claim under the Unfair Trade Practices Act because none of those claims remotely involve the purchase or lease of goods, services, or property for personal, family, or household purposes. See 5 M.R.S.A. § 213 (1).

Third, to the extent that plaintiffs are relying on unspecified conduct not alleged in paragraphs 8 and 9, Count IV is insufficient as a matter of law because plaintiffs have not identified the unspecified conduct and have not alleged that the unspecified conduct involved the purchase or lease of goods, services, or property for personal, family, or household purposes.

Fourth, to the extent that plaintiffs are basing their unfair trade practice claims on conduct that was or could have been litigated in CV-03-267, Count IV is barred as against the McGarry defendants by *res judicata*. In this respect, it bears emphasis that *res judicata* applies not only to the claims that were actually litigated in a prior action but also applies to any other claims based on the same conduct that could have been litigated in the prior action. See Dumont v. Fleet Bank, 2000 ME 197 ¶¶ 6-7, 760 A.2d 1049, 1052; Camps Newfound/Owatonna Corp. v. Town of Harrison, 1998 ME 20 ¶ 11-12, 705 A.2d at 1113-14; Currier v. Cyr, 570 A.2d at 1208. Even if a new legal theory is advanced in the second case, *res judicata* applies. Id.

Fifth, to the extent that Unfair Trade Practice claims are advanced on behalf of Nadeau's children based on claims that were or could have been litigated in CV-03-267,

13

the children's' derivative claims are barred by *res judicata* to the same extent as their father's claims.

Sixth, although plaintiffs contend that the court declined to permit consideration of any bar proceedings in CV-03-267 because those issues arose after the termination of the employment issue that was the focus of CV-03-267,[16] that is not the court's recollection. The court was aware that Nadeau had filed various bar complaints but believed that whether bar violations had occurred (on the part of Nadeau or the McGarry defendants) was a separate issue from the contract and tort claims that were before the court in CV-03-267. Alleged bar violations are also a matter for the Grievance Committee, as opposed to the Superior Court, to consider.

However, to the extent that any conduct that was the subject of bar complaints also gave rise to alleged tort or contract claims, the court did not preclude Nadeau and his firm from litigating those claims in CV-03-267. As noted above, a large number of the claims raised by Nadeau and his firm in CV-03-267 involved conduct that occurred after the complaint in that action had been filed.[17] Furthermore, it is the court's understanding, although it is not familiar with the substance of the bar complaints that Nadeau has filed, that some of those complaints involve the same alleged conduct that formed the basis for claims that were litigated in CV-03-267, including the failure to seal the pleadings and the copying of information from Nadeau's divorce file.

Seventh, to the extent that Count IV is asserted on behalf of Nadeau's minor children, the children do not have standing to pursue claims based on alleged unfair trade practices committed against their father.

---

[16] See Plaintiffs' Combined Objections to Defendants' Motion to Dismiss and Motion to Enlarge Scheduling Order, dated November 30, 2005 and filed December 1, 2005, at 6.

[17] See n.10 *supra*.

14

Eighth, as far as Nadeau's minor children are concerned, there are also no allegations that they suffered any loss of money or property – allegations which are a prerequisite for relief under the Unfair Trade Practices Act. See 5 M.R.S.A. § 213(1).

6.    Count V – Punitive Damages

As against the McGarry defendants, Count V seeks punitive damages only on behalf of Nadeau's children. Since punitive damages can only be awarded if there is an award of compensatory damages, e.g., Iolowitz v. Alfa Romeo Distributors, 2000 ME 174 ¶11, 760 A.2d 625, 629, the dismissal of the Nadeau children's claims for compensatory damages against the McGarry defendants necessitates the dismissal of their punitive damages claim as well.

7.    McGarry Defendants' Request for Attorneys Fees

Accompanying the McGarry defendants' motion to dismiss is a request that they be awarded their attorneys fees in defending this action. Under the circumstances of this case, where there is no statutory provision for attorneys fees, an award of attorneys fees can only be made upon a determination by the court that the assertion of claims against the McGarry defendants in this action constituted the kind of egregious conduct and abuse of the litigation process that would justify a departure from the "American Rule" that losing parties are not responsible for their opponent's legal fees. See Linscott v. Foy, 1998 ME 206 ¶¶ 16-17, 716 A.2d 1017, 1021. See generally Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991) (court has inherent power to assess attorneys fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons). Under Linscott, fees may not be awarded in the absence of significant bad faith on the part of a litigant. 1998 ME 206 ¶ 17, 716 A.2d at 1021.

15

Fees may also be awarded in appropriate circumstances for violations of M.R.Civ.P. 11(a), which provides that the signing of a pleading constitutes a representation that, to the best of the signer's knowledge, information, and belief, "there is good ground to support it." Rule 11 provides for the imposition of sanctions, including attorneys fees, when a pleading is signed "with intent to defeat the purpose of this rule." In this case, the use of Rule 11 may be complicated to some extent because the operative pleading here – the amended complaint - was not signed by Nadeau but by "Kellie Cameron for Robert M.A. Nadeau, Esq." Nevertheless; the rule provides that sanctions may be imposed upon a represented party as well as on counsel.

In the court's view, there are grounds for finding that – as against the McGarry defendants[18] - the initiation and continued prosecution of this case constitutes an egregious abuse of the litigation process and a violation of Rule 11:

- Attorney Nadeau is an able and experienced attorney who is obviously familiar with the doctrine of *res judicata*. His decision to pursue Counts I, III, and V only on behalf of his minor children is tantamount to an admission that *res judicata* would apply to those claims if they were asserted on his own behalf and on behalf of his law firm.

- The joinder of Nadeau's minor children as plaintiffs in this action – when the claims involve alleged defamation of <u>Nadeau</u> and alleged invasion of <u>Nadeau</u>'s privacy – is a transparent attempt to circumvent *res judicata*.

- Nadeau filed the complaint in this action on behalf of his minor children in July 2005 even though it is the court's recollection that he testified at the trial in September 2005 that he had not communicated with his minor children in some time, that his children were refusing to communicate

---

[18] The court expresses no views as to the merits of plaintiffs' claims against the other defendant, Jack Hunt. If plaintiffs have a viable cause of action against Hunt for defamation or any other tortious act, they will be entitled to proceed against Hunt. What they are not entitled to do is to relitigate claims against the McGarry defendants that have already been resolved in CV-03-267.

The court is aware that defendant Hunt has filed a motion for summary judgment which the court has received from the clerk's office, but the court has not yet reviewed that motion or plaintiffs' opposition to that motion.

with him, and that he was no longer going to let them interfere with his happiness.

- Nadeau's animus against the McGarry defendants has become increasingly evident during the course of CV-03-267 and the prosecution of this case. In CV-03-267 this was epitomized by personal attacks that were contained in the summary judgment papers Nadeau filed. Calling one's adversaries "desperate, greedy attorneys," stating that they are "conveniently, greedily, and hatefully" depicting events, and opining that they are "outright lying and discredited, if not also completely ignorant"[19] is evidence, to say the least, of a lack of detachment shown by Nadeau toward the McGarry defendants.

- Attorney Nadeau's conduct in conducting the deposition of defendant McGarry in CV-03-267 was found to have been out of line in certain respects and to have crossed the line into badgering. See Order dated June 28 and filed June 30, 2004 in CV-03-267 at 2-4. In that order at 3 n.3, the court made an observation that remains pertinent:

  "While it may be understandable that [Nadeau] would have strong feelings about this case as a litigant, his obligation as a lawyer is to remain professional and if he cannot do that, he should retain someone to represent him."

- In his summary judgment papers in CV-03-267 Nadeau recited that as of that time he had filed 16 bar complaints against the McGarry defendants and Hunt. The sheer number of those complaints, together with the attempt to relitigate Nadeau's claims against the McGarry defendants in this action, is a significant basis for concern that Nadeau's dispute with the McGarry defendants has become a vendetta.

- It has not escaped the court's attention that since Nadeau is representing himself in all these proceedings while the McGarry defendants have retained counsel, even unsuccessful litigation against the McGarry defendants has the effect of punishing them by imposing costs on them.

- Nadeau has continued to pursue this lawsuit – even bringing additional claims against the McGarry defendants[20] – without giving any heed to the factual and legal rulings

---

[19] See Order dated July 29, 2005 and filed August 1, 2005 in CV-03-267 at 5 at n.5 and citations to pleadings contained therein.

[20] As noted above, Count I of the original complaint was asserted solely against defendant Hunt.

17

against him in CV-03-267, the entry of final judgment in CV-03-267, the fact that the court found the testimony of the McGarry defendants in that action to be credible, and the fact that in so doing, it necessarily found certain of Nadeau's own testimony not to be credible.

The above factors constitute a basis to find that the initiation and continued prosecution of this case against the McGarry defendants constitutes an abuse of the litigation process under Linscott and that the amended complaint constitutes a violation of Rule 11. However, because any award of attorneys' fees requires a finding of "significant bad faith," plaintiffs deserve to be heard on that issue. In addition, some further inquiry is necessary as to whether the amended complaint was signed with intent to defeat Rule 11 and whether Nadeau is responsible for that pleading even though he did not sign it. Accordingly, the court will hold a further hearing with respect to whether the McGarry defendants are entitled to attorneys fees.

One other point should be made. The court is aware that an appeal is pending from the judgment in CV-03-267. If the court committed errors in that case or if there is any other basis to overturn or alter that judgment, Nadeau and his law firm have every right to pursue those issues before the Law Court. If they are successful, the judgment in CV-03-267 will be reversed in whole or in part or that case retried. However, whether Nadeau is ultimately successful or unsuccessful on appeal and in any retrial of CV-03-267 does not affect the court's view as to the claims against the McGarry defendants in this case. Whether he should win or lose on the issues he is raising on appeal from the judgment in CV-03-267, there is no basis for Nadeau to harass the McGarry defendants by relitigating the same claims and issues against them in a subsequent lawsuit.

18

The entry shall be:

The motion to dismiss by defendants Amy McGarry, Pamela Holmes, and McGarry & Holmes LLC is granted and the amended complaint is dismissed with prejudice against defendants McGarry, Holmes, and McGarry & Holmes LLC. A separate hearing will be held for the parties to offer evidence on the issues of whether plaintiffs have engaged in bad faith and whether Rule 11 has been violated. If Attorney Nadeau does not accept full responsibility for the amended complaint even though he did not sign it, Kellie Cameron shall attend the hearing.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 23, 2006

Thomas D. Warren
Justice, Superior Court

Robert M. A. Nadeau, Esq. - PLS
Susan B. Driscoll, Esq. - DEFS. AMY B. MCGARRY, PAMELA S. HOLMES AND MCGARRY & HOLMES LLC
Wendell Large, Esq. - DEF. JACK HUNT