KEYES FIBRE COMPANY

v.

Stephen LAMARRE.

Supreme Judicial Court of Maine.

Argued Nov. 17, 1992.

Decided Dec. 22, 1992.

H. Peter DelBianco, Jr. (orally), Black, Lambert, Coffin &˙Rudman, Portland, for plaintiff.

Robert J. Daviau, Michaela Murphy (orally), Daviau, Jabar & Batten, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

Stephen Lamarre appeals from the summary judgment entered in the Superior Court (Kennebec County, *Chandler, J.*) awarding to Keyes Fibre Company on Count II of its complaint[1] the amount of money alleged to have been converted by Lamarre. We vacate the judgment.

The following facts are undisputed: On April 21, 1987, Lamarre, an employee of Keyes, suffered a work-related back injury. Pursuant to the Workers' Compensation Act, 39 M.R.S.A. §§ 1–195 (1989 & Supp. 1992), Keyes accepted the compensability of the injury and began payment of benefits to Lamarre. In November 1987, Keyes filed a petition with the commission for a review of Lamarre's incapacity, *see* 39 M.R.S.A. §˙100,[2] and Lamarre filed a petition for reinstatement to suitable work. *See* 39 M.R.S.A. § 66–A. The petitions were consolidated for a hearing before the commission. Keyes continued to pay Lamarre benefits until December 21, 1988, when the commission by its decision denied

---

1. Count I of Keyes' complaint contained allegations of fraud. Because its motion for summary judgment on the conversion count was granted, Count I was never disposed of on its merits.

2. 39 M.R.S.A. § 100 provides, in pertinent part, that on petition of either party the single commissioner may increase, decrease, restore or discontinue compensation.

Lamarre's petition, granted Keyes' petition and found that Lamarre was "no longer disabled and [could] perform his customary or most recent work." In response to Lamarre's motion for additional findings of fact and conclusions of law, the commission found further that Lamarre had completely recovered from his back injury by June 30, 1987. Benefits in the amount of $31,404.72 were paid by Keyes to Lamarre between June 30, 1987 and December 21, 1988. Seeking to recover the amount of the benefits it had paid Lamarre during this period of time, Keyes instituted the present action against Lamarre. After a hearing on Keyes' motion for a summary judgment on Count II of its complaint, the trial court held as a matter of law that Keyes was entitled to a judgment in the amount paid to Lamarre in benefits between June 30, 1987 and December 21, 1988 and directed an entry of final judgment on Count II, pursuant to M.R.Civ.P. 54(b), and Lamarre appeals.

"When reviewing a grant of summary judgment, we view the evidence in the light most favorable to the party against whom the judgment has been granted, and review the trial court's decision for error of law." *Estate of Althenn v. Althenn*, 609 A.2d 711, 714 (Me.1992). Because Keyes would have the burden of proof at trial, it was required to produce evidence sufficient to resist a motion for a directed verdict if it produced at trial nothing more than was before the court on its motion for a summary judgment. *Id.* To prevail on its cause of action for the conversion of the money here at issue, Keyes must establish that it had a property interest in the money, the right to its possession at the time of the alleged conversion and, if

Lamarre acquired possession rightfully, a demand by Keyes for possession and a refusal by Lamarre to surrender. *See Chiappetta v. LeBlond*, 505 A.2d 783, 785 (Me.1986). Here, Keyes failed to allege or establish any facts that, if proved, would support a finding that it had a property interest in the money at the time of the alleged conversion. The monetary benefits received by Lamarre were paid by Keyes pursuant to the requirements of the Workers' Compensation Act, with the intent to relinquish its property interest. Until such time as the commission, after a review of incapacity as provided by section 100, issued an order or decision denying benefits to Lamarre, he had an enforceable right to those benefits and Keyes was subject to a statutory penalty should it have failed to pay. *See American Mut. Ins. Companies v. Murray*, 420 A.2d 251, 252 (Me.1980); 39 M.R.S.A. § 104–A. Because, as a matter of law, it was Lamarre who had the property interest in the money at the time of the alleged conversion, the trial court erred in not rendering a summary judgment for Lamarre on Count II of Keyes' complaint. *See* M.R.Civ.P. 56.

The entry is:

Judgment vacated. Remanded to the Superior Court for the entry of a summary judgment for the defendant on Count II of the plaintiff's complaint.

All concurring.