1999 ME 83

**In re Petition of Suzanne SEN et al.**

Supreme Judicial Court of Maine.

Argued May 5, 1999.

Decided May 28, 1999.

Randal E. Watkinson (orally), Strout & Payson, P.A., Rockland, for Sen and Hassell.

Steven J. Mogul (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for Union Trust Co.

Anthony W. Beardsley (orally), Roy, Beardsley & Williams, Ellsworth, for Stroup and Voris.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Suzanne Sen and Arthur H. Hassall appeal from a judgment entered in the Superior Court (Hancock County, *Studstrup, J.*) dismissing their petition to perpetuate testimony pursuant to M.R. Civ. P. 27 and denying their motion to amend the petition. Sen and Hassall argue that M.R. Civ. P. 27 permits discovery to determine if grounds exist to assert a claim for the wrongful interference with an expectancy and to contest a will, and that the court erred when it denied them leave to amend their petition. We disagree and affirm the judgment.

[¶ 2] In July 1998, Sen and Hassall, asserting that they were potential heirs at law of their uncle, Robert D. Byrne, filed a petition to perpetuate testimony pursuant to M.R. Civ. P. 27.[1] The petition states that Sen and Hassall

---

1. M.R. Civ. P. 27(a) provides in relevant part:

   **Discovery Before Action or Pending Appeal**
   **(a) Before Action.**
   (1) *Petition.* A person who desires to perpetuate testimony or to obtain discovery under Rule 34 or 35 regarding any matter that may be cognizable in any court of the state may file a verified petition . . . .
   The petition shall be entitled in the name of the petitioner and shall show: (i) that the petitioner expects to be a party to an action cognizable in a court of the state but is presently unable to bring it or cause it to be brought, (ii) the subject matter of the expected action and the petitioner's interest therein, (iii) the facts which the petitioner desires to establish by the proposed testimony or other discovery and the petitioner's reasons for desiring to perpetuate or obtain it, (iv) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and (v) the names and addresses of the persons to be examined or from whom other discovery is sought and the substance of the testimony or other discovery which the petitioner expects to elicit or obtain from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony or to seek discovery under Rule 34 or 35 from the persons named in the petition.
   . . . .
   (3) *Order and Examination.* If the court is satisfied that the perpetuation of the testimony or other discovery may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written questions. . . .
   . . . .

expect to be a party [*sic*] in a contest of the will of Robert D. Byrne, but are unable to commence any such action because Robert D. Byrne is still living. Petitioners also wish to explore whether grounds exist for the prosecution of an action against [Mary Voris, Jeannie Stroup, and Union Trust Company] for the wrongful interference with their expectancy.

The petition stated that Sen and Hassall seek facts to establish that Byrne was incompetent when he executed his will and that he acted under the undue influence "of one or more of the adverse parties." The petition further stated that Sen and Hassall wish to depose nine persons, including Voris, Stroup, and an employee of Union Trust. The petition did not list Byrne as a potential deponent.

[¶ 3] Union Trust Company, Voris, and Stroup filed a motion to dismiss the petition. Sen and Hassall filed a response that stated "should the court find the petition deficient, the Petitioners request leave to file an amended petition." The court heard the motion, concluded that "the major reason for seeking the depositions is to conduct discovery to determine whether there may be grounds to contest the will," and dismissed the petition.

[¶ 4] Sen and Hassall filed a motion to amend the petition without stating the nature of the proposed amendment or attaching a copy thereof. The court denied the motion. Sen and Hassall appealed.

## I. RULE 27 OF THE MAINE RULES OF CIVIL PROCEDURE

[¶ 5] Rule 27 of the Maine Rules of Civil Procedure provides that a party presently unable to bring an action may perpetuate testimony by deposition. *See generally Powers v. Planned Parenthood of N. New England,* 677 A.2d 534, 536–40 (Me.1996). Rule 27 is not a discovery device to assist plaintiffs to discover facts and frame a complaint. *See, e.g.,* M.R. Civ. P. 27, Reporter's Notes (1959) ("This rule, which is substantially the same as

Federal Rule 27, is intended only for the perpetuation of testimony and not as a discovery device."); 1 FIELD, MCKUSICK & WROTH, MAINE CIVIL PRACTICE § 27.1, at 460 (2d ed.1970); 4 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 27.07[4], at 27–29, 27–30 (2d ed.1994); 8 CHARLES A. WRIGHT, ARTHUR R. MILLER AND RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2071, at 651–52 (2d ed.1994).

[¶ 6] The testimony sought to be perpetuated in a Rule 27 motion must be in danger of being lost. *See* 1 FIELD, MCKUSICK & WROTH, MAINE CIVIL PRACTICE § 27.1, at 460. The danger of loss of testimony can be established "from the fact that the petitioner is presently unable to bring the action, since it is common knowledge that the lapse of time is replete with hazards and unexpected events. Nevertheless it is advisable, though not necessary, to show any particular circumstances indicating a more concrete danger of loss." 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2072, at 659–60 (footnotes omitted); *see* 4 MOORE, MOORE'S FEDERAL PRACTICE ¶ 27.09, at 27–32. A more concrete danger of loss may exist, for example, when a potential deponent is aged or infirm. *See* 4 MOORE, MOORE'S FEDERAL PRACTICE ¶ 27.09, at 27–32. We review a court's order granting or denying a petition to perpetuate testimony for an abuse of discretion. *See Powers,* 677 A.2d at 537.

[¶ 7] Sen and Hassall advance two potential claims: wrongful interference with an expectancy, which in some limited circumstances may be asserted before the testator's death, *see Harmon v. Harmon,* 404 A.2d 1020, 1024 (Me.1979), and a will contest challenging Byrne's testamentary capacity. With respect to the potential wrongful interference with an expectancy claim, Sen and Hassall argue that they are presently unable to bring the claim because they do not know if grounds exist to support it. They urge the Court to interpret M.R. Civ. P. 27 to permit them to

discover if a cause of action exists. Because this interpretation of M.R. Civ. P. 27 contravenes the purpose of the rule, we decline their invitation. *See* M.R. Civ. P. 27, Reporter's Notes (1959); 1 FIELD, McKUSICK & WROTH, MAINE CIVIL PRACTICE § 27.1, at 460; 4 MOORE, MOORE'S FEDERAL PRACTICE ¶ 27.07[4], at 27–29; 8 WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 2071, at 651–52.

■ [¶ 8]   With respect to the expected will contest,[2] the court concluded that petitioners sought only to discover evidence regarding Byrne's capacity rather than to perpetuate testimony in danger of being lost.   To permit depositions pursuant to M.R. Civ. P. 27 to discover evidence about whether grounds exist to assert a potential will contest would subject every testator and testamentary witness to an inquiry regarding the circumstances and content of wills before the death of the testator. Moreover, the petition—stating only that Sen and Hassall "expect to be a party in a contest of the will of Robert D. Byrne"— did not assert any facts sufficient to support an expectation of an action to contest the will on the ground of Byrne's lack of capacity. *See* M.R. Civ. P. 27(a)(i).   Finally, although a danger of a loss of testimony may result from the present inability to bring suit, the court properly considered Sen's and Hassall's failure to assert any facts about the nine potential witnesses that might demonstrate a more concrete danger of loss.   *See* 4 MOORE, MOORE'S FEDERAL PRACTICE ¶ 27.09, at 27–32; 8 WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 2072, at 659–60.   Accordingly, the court properly dismissed the petition.

## II.   MOTION TO AMEND THE PETITION

[¶ 9]   Sen and Hassall argue that the court erred when it denied them the opportunity to amend their petition.   We disagree.

■ [¶ 10]   Rule 15(a) of the Maine Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires."   Whether to allow a pleading amendment rests with the court's sound discretion.   *See Kelly v. Michaud's Ins. Agency, Inc.,* 651 A.2d 345, 347 (Me. 1994).   When, as here, the court has denied a leave to amend, the appellant must demonstrate a clear and manifest abuse of discretion and must demonstrate that granting such a motion is necessary to prevent injustice.   *See id.*   A court does not abuse its discretion when it denies a motion for leave to amend when the moving party fails to show how it could cure the complaint, *see Potter, Prescott, Jamieson & Nelson, P.A., v. Campbell,* 1998 ME 70, ¶ 10, 708 A.2d 283, 286–87, or when the motion to amend does not change the basis of the complaint, *see Delta Kappa Epsilon Theta Chapter v. Theta Chapter House Corp.,* 661 A.2d 1152, 1154–55 (Me.1995).

■ [¶ 11]   Sen and Hassall failed to explain to the court in their petition or at the hearing on their petition how they sought to use M.R. Civ. P. 27 to perpetuate testimony rather than merely discover evidence.   Even after the court explained that petitioners could not use Rule 27 as a discovery device, Sen's and Hassall's motion to amend still failed to explain how they would cure the deficiency in their original petition or attach a copy of the proposed amendment.   In these circumstances, the court did not exceed its discretion when it denied Sen and Hassall leave to amend the petition.   *See Potter, Prescott, Jamieson & Nelson, P.A.,* 1998 ME 70, ¶ 10, 708 A.2d 283, 286–87; *Delta Kappa Epsilon Theta Chapter,* 661 A.2d at 1154–55.

The entry is:

Judgment affirmed.

---

2. Because the petitioners cannot contest Byrne's will until Byrne dies, they have satisfied the inability-to-bring-suit requirement of M.R. Civ. P. 27(a)(1)(i).