1999 ME 150

**Gary THIBODEAU**

v.

**Victor COLE d/b/a Port Clyde General Store.**

Supreme Judicial Court of Maine.

Argued Sept. 7, 1999.

Decided Oct. 26, 1999.

801 (Me.1985).

Philip P. Mancini, (orally), Cloutier & Briggs, P.A., Rockport, for plaintiff.

Sally A. Morris, (orally), Freidman Babcock & Gaythwaite, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Gary Thibodeau appeals from a summary judgment entered in the Superior Court (Lincoln County, *Perkins, A.R.J.*) in favor of Victor Cole. Thibodeau asserts that the court erred (1) by implicitly denying his motion to amend; and alternatively, (2) in granting the summary judgment. We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] On July 31, 1993, Thibodeau slipped and fell on either a dock located next to the Port Clyde General Store or that dock's ramp. Gasoline had allegedly leaked onto the dock and ramp attached to the Store from gas pumps adjacent to both the Store and the dock. Within two weeks of the accident, Thibodeau sent a notice of a potential tort claim pursuant to 14 M.R.S.A. § 1602(1) (1997) to Victor. United States Fidelity and Guaranty Company (USF & G), acknowledged receipt of the notice of claim and informed Thibodeau that Victor did not own the store, but rather that Pamela Cole "solely owned" the Store.

[¶ 3] Notwithstanding Victor being named as the defendant in this action and USF & G's assertion that Pamela owned the Store, Port Side Corporation (Port Side) actually owned and operated the Store. Port Side liquidated its corporate assets, and filed a notice of its intent to dissolve and its articles of dissolution with the Secretary of State prior to the institution of this suit. Before its dissolution and at the time of Thibodeau's alleged injuries, Port Side had leased the premises of the Store, which included the deck, dock, ramp, floats, and lobster tank adjacent to the Store building. Port Side had the explicit responsibility by the terms of its lease to clean and repair the dock and ramp attached to the Store. Pamela signed the lease and the lease addendum on behalf of Port Side. The lease was terminated as part of Port Side's winding up process; Pamela also signed the lease termination agreement on behalf of Port Side as its "president."

[¶ 4] After Port Side dissolved, Thibodeau instituted the instant action against Victor. Following limited discovery, Victor moved for a summary judgment. Thibodeau opposed summary judgment and sought to amend his complaint. The Superior Court granted Victor's summary judgment motion. Thibodeau then filed this appeal.

## II. THE MOTION TO AMEND

 [¶ 5] As part of his response to Victor's motion for a summary judgment, Thibodeau attempted to amend his complaint to assert a cause of action against Pamela.[1] We review the denial of a motion to amend for abuse of discretion. *In re Sen*, 1999 ME 83, ¶ 10, 730 A.2d 680, 683. "To overturn a denial of leave to amend one must demonstrate a clear and manifest abuse of that discretion and must demonstrate granting such motion is necessary to prevent injustice." *Miller v. Szelenyi*, 546 A.2d 1013, 1022 (Me.1988) (internal citation omitted). While Thibodeau indicated a desire to assert a cause of action against Pamela, he failed to inform the court as to the basis of that claim. Thibodeau did not follow the requirement of M.R. Civ. P. 7(b)(3) and file "a draft order which grants the motion and specifically states the relief to be granted by the motion." Thibodeau neither attached a proposed amendment nor demonstrated how any amendment could cure or change the basis of his complaint. Faced with such a situation, the court did not exceed the bounds of its discretion by implicitly denying Thibodeau's leave to amend. *See Sen*, ¶ 11, 730 A.2d at 683.

## III. THE GRANT OF A SUMMARY JUDGMENT

 [¶ 6] We review the grant of a summary judgment motion by evaluating the "evidence in the light most favorable to the party against whom judgment was entered." *Cottle Enterprises, Inc. v. Town of Farmington*, 1997 ME 78, ¶ 11, 693 A.2d 330, 333 (citing *Gonzales v. Commissioner,*

*Dep't of Public Safety*, 665 A.2d 681, 682 (Me.1995)). Since Thibodeau would have the burden of proof at trial, he must have presented enough evidence to have withstood a motion for directed verdict. *Keyes Fibre Co. v. Lamarre*, 617 A.2d 213, 214 (Me.1992).

[¶ 7] Here, there are no issues of triable fact and the grant of a summary judgment was proper. Thibodeau fell on property leased by Port Side, not by Victor. Assuming *arguendo* that Thibodeau could pierce the corporate veil, he still could not reach Victor who did not personally own shares in Port Side.[2] *See LaBelle v. Crepeau*, 593 A.2d 653, 655 (Me.1991) (noting that only shareholders will be liable when the corporate entity is disregarded). It would be not only improbable, but also impossible to find liability against Victor on these facts. Simply put, Thibodeau sued the wrong party. The Superior Court correctly granted a summary judgment.

The entry is:

Judgment affirmed.

CLIFFORD, J., dissenting.

[¶ 8] Because in my view the trial court should have granted Gary Thibodeau's motion to amend his complaint prior to addressing summary judgment, I respectfully dissent.

When faced with both a motion for a summary judgment and a Rule 15(a) motion to amend pleadings, considerations of finality and judicial economy suggest that a court should dispose of the pending Rule 15(a) motion prior to entertaining a summary judgment.

---

1. Thibodeau's response to Victor's motion for a summary judgment read in part:

 Alternatively, Plaintiff hereby moves to amend the pleadings to assert an action against Pam Cole, individually as an owner/manager, for negligence, all as more fully stated in the accompanying Statement of Material Facts, for which it is contended a genuine issue exists to be tried, and accompanying Memorandum of Law in support, with attachments.

 Thibodeau's attached material included only his counsel's affidavit which asserted that a fact question existed.

2. Although both parties presented arguments on appeal regarding the propriety of allowing Thibodeau to amend the complaint to add the corporation as a defendant, Thibodeau did not seek to add the corporation in the Superior Court. Therefore we do not reach the issue.

*Kelly v. Michaud's Ins. Agency, Inc.,* 651 A.2d 345, 346 (Me.1994).

[¶ 9] I would vacate the judgment and remand to the Superior Court to allow Thibodeau to amend his complaint.