STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-230

SPENCE BISBING,

Plaintiff,

v.

ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND
DEFENDANT'S CROSS
MOTION FOR SUMMARY
JUDGMENT

MAINE MEDICAL CENTER,

Defendant.

DONALD L. GARBRECHT
LAW LIBRARY

JUN 21 2002

## BACKGROUND

The underlying complaint arises out of an employment relationship between the plaintiff, Spence Bisbing (hereinafter "Bisbing") and the defendant, Maine Medical Center (hereinafter "MMC") that existed from about November 1995 to March 2000. Bisbing asserts the following claims against MMC: unpaid wages, including vacation, under 26 M.R.S.A. § 626 (Count I); breach of employment agreement - failure to pay wages (Count II); quantum meruit (Count III); and conversion (Count IV).

MMC filed an answer making general denials, asserting that Bisbing had failed to state a claim upon which relief could be granted, and asserting affirmative defenses including: (1) statute of frauds - contract claims; (2) preemption by the Employee Retirement Income Security Act of 1974 and amendments; and (3) the doctrine of "unclean hands."

Bisbing filed a motion for partial summary judgment with respect to each of MMC's affirmative defenses, MMC's assertion that Bisbing had failed to state a claim, and MMC's denial that Bisbing's demand for payment was sufficient to entitle Bisbing to relief pursuant to 26 M.R.S.A. § 626.[1]

MMC filed a cross-motion requesting: (1) summary judgment as to the component of Count I seeking unpaid wages on the ground that Bisbing's proof is legally insufficient to establish his claim by a preponderance of the evidence; (2) dismissal of the component of Count I seeking statutory penalties and damages or for summary judgment, on the ground that Bisbing has not pleaded and cannot prove that his claim for accrued vacation pay was undisputed; (3) dismissal of Count II on the ground that it is duplicative of the breach of contract claim pleaded in Count I; (4) dismissal of Count III on the ground that Bisbing's claim for restitution fails to state a claim upon which relief can be granted; (5) dismissal of Count IV on the ground that the claim of conversion fails to state a cause of action; and (6) dismissal of the punitive damage claim in Count IV on the ground that it is duplicative of the claim for statutory penalties in Count I, or alternatively for summary judgment on the punitive damage claim because the record establishes no evidence of "malice," either express or implied.

---

1 In MMC's Answer to Bisbing's Complaint, it "denie[d] that the demand for payment made by Plaintiff after the cessation of Plaintiff's employment was sufficient to entitle Plaintiff to relief pursuant to 26 M.R.S.A. § 626."

## DISCUSSION

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972, 974. "A genuine issue of material fact is present only when 'there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial.'" Francis v. Stinson, 2000 ME 173, ¶ 37, 760 A.2d 209, 217, quoting, Prescott v. State Tax Assessor, 1998 ME 250, ¶ 5, 721 A.2d 169, 171-72.

I. Affirmative Defenses

Bisbing seeks summary judgment as to the affirmative defenses asserted by MMC. As a preliminary matter, MMC has agreed to withdraw its asserted defenses of statute of frauds and ERISA preemption.

As to the defense of "unclean hands," Bisbing correctly argues that it is an improper defense to his claim of quantum meruit, because quantum meruit is not an equitable claim and therefore is not subject to equitable defenses. MMC argues that while Bisbing has entitled his claim "quantum meruit," it is in fact a claim for restitution and therefore subject to the equitable defense of unclean hands. The court concludes that Bisbing's complaint alleges either a claim for quantum meruit or unjust enrichment, not restitution. In order to establish a claim for quantum meruit or unjust enrichment, there must be no employment contract between Bisbing and MMC. See Paffhausen v. Balano, 1998 ME 47, ¶ 6 & n.3, 708 A.2d 269,

271 & n.3. Based on the summary judgment record, the court concludes the parties are not in dispute that there was an employment contract between Bisbing and MMC. See, e.g., Defendant's Opposing Statement of Material Fact (DOSF) ¶ 2. Accordingly, summary judgment will be entered in favor of MMC as to Count III, and the affirmative defense of "unclean hands" asserted by MMC becomes moot.

II.     Sufficient Demand Under 26 M.R.S.A. § 626

Bisbing also seeks a determination by this court as to whether his demand for payment was sufficient to entitle him to relief pursuant to 26 M.R.S.A. § 626. A demand is sufficient so long as the employee satisfies two requirements: (1) he made a demand; (2) at the place specified by the statute. Burke v. Port Resort Realty, 1999 ME 138, ¶¶ 8-11, 737 A.2d 1055, 1059. Bisbing asserts that he made demand four different times. MMC has not responded to Bisbing's assertion. Accordingly, pursuant to M.R. Civ. P. 56(d)[2], the court concludes, for the purpose of the future proceedings in this matter, that Bisbing's demand for payment was sufficient to entitle him to relief pursuant to 26 M.R.S.A. § 626.

III.    Count I

MMC seeks summary judgment on Count I (26 M.R.S.A. § 626) because Bisbing's proof is insufficient to establish his claim by a preponderance of the evidence. In addition, MMC seeks dismissal of that component of Count I seeking statutory penalties and damages on the ground that Bisbing has not pleaded and

---

2 M.R. Civ. P. 56(d) provides that if a motion for summary judgment is not rendered upon the whole case, the court "shall . . . make an order specifying the facts that appear without substantial controversy . . . ."

cannot prove that his claim for accrued vacation pay was undisputed.

A.   Claim for Unpaid Wages

Section 626 requires an employer to pay an employee any outstanding wages, including vacation pay within a "reasonable time" if the terms of employment provide for paid vacation. 26 M.R.S.A. § 626 (2000). Whether Bisbing can prevail on this claim is dependent on a factual determination of what a "vacation" is as relates to Bisbing's employment with MMC. Accordingly, because a material issue of fact exists, MMC is not entitled to summary judgment as to Bisbing's Count I claim for unpaid wages.

B.   Statutory Penalties and Damages

Section 626 provides that an employer found in violation of section 626 shall be liable for the unpaid wages, a reasonable rate of interest, and "an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee." 26 M.R.S.A. § 626 (2001). The court has not found, and MMC has not pointed to, any authority creating a "good faith" exception to the award of these penalties. See Purdy v. Cmty. Telecomms. Corp, 663 A.2d 25, 28 (Me. 1995) (Law Court ultimately awarded statutory damages, not only for the undisputed portion of the claim, but for the additional claimed wages owed to the employee). MMC cites Burke v. Port Resort Realty Corp., 1999 ME 138, 737 A.2d 1055, to support the proposition that only the undisputed portion of wages owed to an employee must be paid. However, in Burke, the amount owed was undisputed. Burke, 1999 ME 138, ¶¶ 16, 17, 737 A.2d at 1060-61. The Law Court

5

indicated only that even in jurisdictions having a statutory exception for disputed wages, generally employers are required to pay the undisputed wages. Id. (noting that 26 M.R.S.A. § 626 "does not have a 'bona fide dispute' exception"). Accordingly, the court concludes that Bisbing may recover, under the statute, treble damages for withheld unpaid wages, whether the wages owed are disputed or undisputed. MMC has failed to establish that the statutory penalty component of Count I should be dismissed.

IV.    Count II

MMC seeks dismissal of Count II, asserting that Bisbing's breach of contract claim is duplicative of his claim under 26 M.R.S.A. § 626. The Law Court has written that in enacting Section 626, "the Legislature indicated no intent to relieve an employer of its obligations on an alleged breach of the employment contract." Purdy v. Cmty. Telecomms. Corp., 663 A.2d 25, 28 (Me. 1995); see also Shinberg v. Szanton, CV-01-322 (Me. Super. Ct., Ken. Cty., Feb. 4, 2002) (Cole, J) (denying summary judgment as to both breach of contract claim and claim under 26 M.R.S.A. § 626 where terms of employment contract were ambiguous). Because parties are permitted to plead in the alternative, and because there are different standards to establish breach of contract and a violation of Section 626, MMC's request to dismiss Count II is denied.

V.    Count IV

MMC argues that Bisbing has failed to state a claim for conversion, and asserts the underlying complaint is a contract claim that Bisbing is improperly attempting

6

to convert into a tort claim. In order to state a claim for conversion, a party must establish the following: (1) that the person claiming that his property was converted had a property interest in the property; (2) that he had the right to possession at the time of the alleged conversion; and (3) that the party with the right to possession made a demand for the property's return that was denied by the holder. Withers v. Hackett, 1998 ME 164, ¶ 6, 714 A.2d 798, 800 (citation omitted); see also Keyes Fibre Co. v. Lamarre, 617 A.2d 213, 214 (Me. 1992) (conversion of money). Here, Bisbing has asserted that the "unpaid vacation wages" were deposited into his account and subsequently withdrawn by MMC. The court concludes that Bisbing has stated a claim for conversion.

MMC also argues that it would be inequitable to allow Bisbing to recover statutory punitive damages as well as punitive damages as related to his tort claim. At this juncture, it would be premature to dismiss Bisbing's claim for punitive damages associated with his conversion claim.

The entry is

MMC's affirmative defenses of statute of frauds and ERISA preemption are WITHDRAWN;

MMC's assertion that Bisbing has failed to state a claim as to Counts I, II, and IV is REJECTED;

Bisbing's motion for a determination that his demand for payment was procedurally proper to entitle him to relief pursuant to 26 M.R.S.A. § 626 is GRANTED;

MMC's motion for dismissal of Count III (quantum meruit) is GRANTED, and consequently MMC's affirmative defense of unclean hands is deemed MOOT;

MMC's motion for summary judgment as to, or dismissal of, Counts I (26 M.R.S.A. § 626), II (breach of contract), and IV (conversion) is DENIED.


Dated at Portland, Maine this 11th day of June 2002.

_____
Robert E. Crowley
Justice, Superior Court4

Date Filed __05-02-01__ __Cumberland__ Docket No. __CV-01-230__
County

Action ___Contract___

Spence Bisbing                    Maine Medical Center

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| David M. Hirshon Esq.<br>P.O. Box 15060<br>Portland, Maine 04112-5060 | Robert W. Bower, JR. Esq.<br>P.O. Box 4600<br>Portland, Maine 04112 |

Date of
Entry