STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-05-~~066~~ *666*

RAC-CUM~ 1/26'06

ROBERT SHERBERT,

           Plaintiff

v.

U. CHARLES REMMELL, II, ET AL,

           Defendant

**ORDER**

This case comes before the Court on Defendants U. Charles Remmell and Kelly, Remmell & Zimmerman's Motion to Dismiss for failure to allege the elements of fraud with particularity as required by M.R. Civ. P. 9(b).

## FACTUAL BACKGROUND

On November 8, 2005, Plaintiff Robert Sherbert filed suit against Defendants U. Charles Remmell, II, Esq., and Kelly, Remmell & Zimmerman, alleging that attorney Remmell made certain unspecified fraudulent misrepresentations to the in-house counsel at the Portland Police Department in connection with a civil dispute regarding the operation of the Garden Lights retail store in November 1999. At this time, attorney Remmell represented Mr. Maccios, former store manager of Garden Lights.[1] Paragraph 17 of the complaint in its entirety alleges the following.

> On November 15, 1999 "Remmell" went to the Portland Police Station as an attorney for "Muccio", and officer of the court and a representative for the corporation "KRZ". The Plaintiff complains that the defendant U. Charles Remmell, II, committed fraud by knowingly, willingly and intentionally making fraudulent

[1] Apparently, Plaintiff and Mr. Muccios where "business partners" of some form. In a failed attempt to incorporate, Plaintiff and Mr. Muccio had a falling out.

misrepresentations of the facts, as he knew them, as to the ownership of the store Garden Lights to another officer of the court, Ms. Beth Anne Poliquin, Esquire. The in house attorney for the Portland Police Department. By committing this act of fraud through the fraudulent misrepresentation of the known facts. And by the firm and cooperation of Kelly, Remmell and Zimmerman not properly supervising or interceding to stop this known act of fraud it allowed the criminal trespass notice order on Mr. Muccio to be vacated. With the order being vacated on "Muccio". It allowed "Muccio" access to the store where he and "Howard" took without permission approximately eighty-five thousand dollars ($85,000.00) in cash, equipment and inventory.

Attorney Remmell seeks dismissal of this case because the complaint fails to allege all the elements of fraud with particularity as required under M.R. Civ. P. 9(b).

## DISCUSSION

When a court decides a motion to dismiss made pursuant to M.R. Civ. P. 12(b)(6), the material allegations of the complaint must be taken as admitted. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7; 843 A.2d 43, 47. The complaint must then be examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Napieralski v. United Church of Greater Portland*, 2002 ME 108, ¶ 4, 802 A.2d 291, 392.

According to Maine Rule of Civil Procedure 9(b), in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Law Court has set forth the elements of interference by fraud as: (1) making a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts

2

upon it to the damage of the plaintiff. *Petit v. Key Bank of State*, 688 A.2d 427,430 (Me. 1996).

In this case, the complaint makes a blanket allegation that attorney Remmell engaged in fraud without supplying the Court with the specific circumstances constituting the fraud as required by M.R. Civ. P. 9(b). Even if the complaint did explain the circumstances of the fraud, Mr. Sherbert could not satisfy the fourth and fifth elements required to prove interference by fraud. In order to satisfy these elements, Mr. Sherbert must show that attorney Remmell made the false representation for the purpose of inducing Mr. Sherbert to act, and that Mr. Sherbert relied on the false misrepresentations to his detriment. The pleadings demonstrate, however, that Mr. Sherbert was not present at the Portland Police Department when the alleged misrepresentations were made. Thus, the alleged misrepresentations could not have been made to induce Mr. Sherbert to act. Rather, it appears that the alleged misrepresentations were made to induce the Portland Police Department to act, which it did by vacating the criminal trespass notice. Unfortunately for Mr. Sherbert, this resulted in the alleged taking of property at the Garden Lights store.

The entry is as follows:

Defendants U. Charles Remmell and Kelly, Remmell & Zimmerman's Motion to Dismiss is GRANTED.

DATE: _____January 31, 2006_____

_____
Roland A. Cole
Justice, Superior Court

3

RONALD SHERBERT
53 LYNNWOOD LANE
WORCESTER MA 01609

JENNIFER ARCHER ESQ
PO BOX 597
PORTLAND ME 04112

STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO: CV-05-660

RONALD SHERBERT

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

FEB          RECEIVED

              Plaintiff

                              **ORDER ON PLAINTIFF'S
                              MOTION TO AMEND
                              COMPLAINT and
                              DEFENDANTS' MOTION TO
                              DISMISS**

     v.

DONALD L. GARBRECHT
LAW LIBRARY

MAY 16 2007

U. CHARLES REMMEL, II, et al.

              Defendants

     This case comes before the Court on Plaintiff's motion to amend the

complaint and Defendants' motion to dismiss.

## BACKGROUND

     In November 2005, Plaintiff Ronald Sherbert ("Sherbert") brought suit

against Defendants U. Charles Remmel, II ("Remmel") and his Portland law firm,

Kelly, Remmel & Zimmerman ("the firm"). He alleged that Remmel and the firm

misrepresented certain facts to the attorney for the City of Portland Police

Department in order to have a criminal trespass order against Remmel's client

lifted. At the time, Remmel represented Roger Muccio, who was a former

business partner of Sherbert's. Muccio had participated in the planned

incorporation of Sherbert's retail store, Garden Lights. Muccio also worked in

the store, but he and Sherbert disagreed over many aspects of the proposed

incorporation, including financing and percentages of ownership. After they had

a falling-out, the Portland Police allegedly served Muccio with a criminal

1

trespass notice and ordered him not to return to Garden Lights. Sherbert claimed that because the restraining order was terminated after Remmel went to the police station, Muccio subsequently was able to access Sherbert's store, from which he allegedly stole money, equipment, and merchandise.

Remmel moved to dismiss the complaint for failure to state a claim per M.R. Civ. P. 12(b)(6), as well as for failure to properly plead his fraud claim per M.R. Civ. P. 9(b). Sherbert also moved to amend his complaint two days prior to the hearing on Remmel's motion to dismiss, filing an amended complaint with the motion.[1] This Court granted Remmel's motion to dismiss on January 31, 2006. Specifically, this Court was persuaded by Remmel's argument that Sherbert did not claim that he himself was defrauded, but rather that the alleged misrepresentations were directed to a third party, the Portland Police Department. This Court's order also stated that Sherbert failed to describe the particular circumstances surrounding the fraud.

Sherbert filed a motion to reconsider, arguing that he did not have to allege that *he* relied on the statements, but that it was sufficient for the police counsel to rely on Remmel's statements to plead that element of fraud. This Court denied the motion to reconsider. Sherbert then appealed to the Law Court, which vacated the dismissal and remanded the case because the Court had not considered the motion to amend before ruling on the motion to dismiss.[2] The Law Court did not assess the merits of Sherbert's claims or this Court's

---

[1] Like his first complaint, the amended complaint was drafted by Sherbert himself, not by the attorney who now represents him.
[2] *Sherbert v. Remmell*, 2006 ME 116, ¶ 1, 908 A.2d 622, 622. The Law Court noted that this Court made an entry that the motion to amend was moot in light of its ruling on dismissal but, did not specify any other reason for rejecting the motion to amend. *Id.* ¶¶ 9-10, 908 A.2d at 624.

2

ruling on the motion to dismiss. This Court now evaluates both Sherbert's motion to amend the complaint and Remmel's renewed motion to dismiss it.

## DISCUSSION

1.  Plaintiff's Motion to Amend Complaint.

Prior to addressing a defendant's motion to dismiss, this Court must evaluate a plaintiff's motion to amend the complaint. *Jones v. Suhre*, 345 A.2d 515, 518 (Me. 1975). Courts will liberally allow amendments to a complaint "when justice so requires." M.R. Civ. P. 15(a). However, "[a] court does not abuse its discretion when it denies a motion for leave to amend when the moving party fails to show how it could cure the complaint . . ." *Sherbert v. Remmel*, 2006 ME 116, ¶ 8, 908 A.2d 622, 624 (quoting *In re Petition of Sen*, 1999 ME 83, ¶ 10, 730 A.2d 680, 683).

Here, Sherbert seeks to amend his complaint to include details regarding the specific contents of the conversation Remmel had with the police department's attorney. Remmel and the firm maintain that no amendment can cure the defects in the complaint because Sherbert has failed to connect his version of the facts with essential elements of his claims. Sherbert's changes, however, alter the complaint to the extent that it remedies the Court's prior concerns, as it describes more specifically the circumstances under which Remmel made the statements and the content of the statements. As he has sufficiently demonstrated how he could improve his complaint, Sherbert's motion to amend is granted, and this Court will consider the amended complaint when it evaluates the motion to dismiss.

2. Defendants' Motion to Dismiss.

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether it properly sets forth elements of a cause of action, "the material allegations of the complaint must be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. The Court should dismiss a claim only "when it appears 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [it] might prove in support of [its] claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Protec.*, 498 A.2d 260, 266 (Me. 1985)).

Defendant claims that Plaintiff's amended complaint alleges negligent misrepresentation, fraud, and tortious interference by fraud. Despite the use of these terms in his amended complaint, Plaintiff states in his responsive pleading that his cause of action technically is "interference by fraud with prospective economic advantage."[3] In light of this, the Court will consider only this claim when assessing the motion to dismiss.

A plaintiff must plead any allegations of fraud "with particularity." M.R. Civ. P. 9(b). Sherbert's initial complaint simply alleged fraud, but his amended complaint focuses on "tortious interference by fraud." The Law Court has held that "[i]nterference with an advantageous relationship requires the existence of a valid contract or prospective economic advantage," and interference with it "through fraud or intimidation," causing damages. *Petit v. Key Bank of Me.*, 688 A.2d 427, 430 (Me. 1995) (citations omitted). When there are allegations of fraud

---

[3] Plaintiff's Opposition to Defendants' Motion to Dismiss, p. 6.

4

in a tortious interference claim, a plaintiff must demonstrate the following elements of fraud:

> [the defendant] (1) ma[de] a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff.

*Grover v. Minette-Mills, Inc.*, 638 A.2d 712, 716 (Me. 1994).

In this case, Sherbert's amended complaint alleged that Remmel falsely represented material facts, such as the status of Garden Lights and Muccio's interest in it when speaking with counsel for the police department. He further alleged that Remmel knew these statements to be false when he made them, that the police department justifiably relied upon the statements when it lifted the order against Muccio, and that lifting the order caused him damages.

One point of contention raised by Remmel is that a prospective economic advantage is required, and Sherbert and the Portland Police Department could not have had such a relationship. For that proposition, Remmel relies on a decision of the United States District Court for the District of Maine, in which that Court found that summary judgment should be granted on a tortious interference claim because "the plaintiffs had no 'economic relationship' with . . . [the] governmental agency." *Baker v. Charles*, 919 F. Supp. 41, 46 (D. Me. 1996). In this case, however, Sherbert is not contending that the *police* interfered with his prospective economic advantage. Rather, he argues that Remmel allegedly interfered with his economic interest in Garden Lights by misrepresenting facts about the business and his former business partner to law enforcement officers. This Court does not weigh the merits of that argument at this stage; instead, it

5

assesses whether Sherbert pled sufficient facts under *Petit* to support his amended complaint, which he did.

Another key dispute raised by Remmel is whether Sherbert has shown the requisite reliance on the part of in-house counsel for the police department because the amended complaint uses the word "believed" rather than "relied." Given that the criminal trespass order was vacated shortly after police counsel's conversation with Remmel, it may be inferred that Sherbert meant that the department believed and relied on Remmel's representations when making this decision. The lack of precise terminology does not defeat Sherbert's allegation that the police justifiably relied upon this information when deciding to terminate the order as to Muccio.

Viewing the matter in the light most favorable to Sherbert for purposes of this motion, he has alleged the minimum required to support his claim for tortious interference by fraud.

The entry is:

Plaintiff's motion to amend the complaint is GRANTED.
Defendant's motion to dismiss the amended complaint is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _February 22, 2007_

Roland A. Cole
Justice, Superior Court

6

K CF COURTS
iberland County
P.O. Box 287
, Maine 04112-0287


VALERIANO DIVIACCHI ESQ
111 BEACH STREET #1A
BOSTON MA 02111


'F COURTS
and County
Box 287
ine 04112-0287


JENNIFER ARCHER ESQ
PO BOX 597
PORTLAND ME 04112