STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-15-030

ARTHUR DAVIGNON
d/b/a ARTHUR DAVIGNON
HOME MAINTENANCE,

Plaintiff

v.

ORDER ON DEFENDANT'S
MOTION TO DISMISS

PATTI MARTIN,

Defendant

I.    Background

A. Facts

Plaintiff Arthur Davignon is an individual doing business as Arthur Davignon Home Maintenance in Falmouth, Maine. (Am. Compl. ¶ 1.) Defendant Patti Martin is an individual residing in South Portland, Maine. (Am. Compl. ¶ 2.)

Plaintiff contracted with Steve Whitten, a general contractor, to renovate defendant's property and provide plumbing services as a sub-contractor. (Am. Compl. ¶ 5.) Defendant agreed to pay Mr. Whitten, and he would then pay plaintiff the amount of $15,000. (Am. Compl. ¶ 6.) This amount was to be paid in three separate payments: $7,500 as a deposit, $5,000 after the boiler was hung and hot and cold water supplies were ready for service, and $2,500 within 30 days of the project's completion. (Am. Compl. ¶ 6.)

On July 28, 2014, defendant paid plaintiff $5,000 of the $7,500 deposit. (Am. Compl. ¶ 7.) Plaintiff submitted invoices to defendant dated July 15, 2014 and August 29, 2014. (Am. Compl. ¶ 9.) Plaintiff recorded a lien claim dated

1

December 5, 2014 in the Cumberland County Registry of Deeds pursuant to 10 M.R.S. § 3251 (2014). (Am. Compl. ¶ 10.) The lien claim was discharged on June 19, 2015. (Am. Compl. ¶ 11.) Defendant has not paid plaintiff the remaining balance. (Am. Compl. ¶ 11.)

### B. Procedural Posture

Plaintiff filed his original complaint on March 9, 2015 and alleged four causes of action: breach of contract, count I; breach of construction contract, count II; unjust enrichment, count III; and enforcement of lien, count IV. (Compl. ¶¶ 12-25.) Defendant filed her first motion to dismiss and argued that the court should dismiss counts I and II because no contract existed between defendant and plaintiff. (Def.'s Mot. Dismiss I 2-3.) Defendant argued the court should dismiss count IV because plaintiff failed to file suit against defendant within 120 days of the last date of work as required under 10 M.R.S. § 3255 (2014). (Def.'s Mot. Dismiss I 3-4.) On May 5, 2015, the court granted the motion and dismissed counts I, II, and IV with prejudice and awarded defendant costs and attorney's fees. (Order Def.'s Mot. Dismiss I.)

On May 11, 2015, plaintiff moved to strike the court's order on defendant's motion to dismiss regarding counts I and II and argued that the parties had agreed between themselves that plaintiff would have additional time to object to defendant's motion to dismiss. (Pl.'s Mot. Strike.) Plaintiff agreed that count IV should be dismissed. (Order Mot. Strike.) Argument on plaintiff's motion to strike was held on June 5, 2015. (Order Mot. Strike.) Plaintiff argued that he alleged quantum meruit in addition to breach of contract in count I and that count II should remain. (Order Mot. Strike.) The court concluded that the language of the statute precluded the relief sought in count II. (Order Mot.

Strike.) As a result, the court denied plaintiff's motion but allowed him to file an amended complaint to include a count for quantum meruit. (Order Mot. Strike.)

Plaintiff filed an amended complaint on July 1, 2015 and alleged four causes of action: breach of contract, count I; breach of construction contract, count II; unjust enrichment, count III; and quantum meruit, count IV. Defendant filed a second motion to dismiss and argued counts I and II of the amended complaint should be dismissed because plaintiff merely reasserted counts I and II from the original complaint, which were dismissed with prejudice. (Def.'s Mot. Dismiss II 1-2.) Plaintiff filed an objection to defendant's motion to dismiss, and stated that he in fact agreed to dismiss count II. (Pl.'s Obj. Mot. Dismiss 1.) Plaintiff further argued that he amended count I to include a statement that he directly negotiated with defendant and alleges that he may have a separate oral contract with her as a result of these negotiations. (Pl.'s Obj. Mot. Dismiss 1.)

On July 8, 2015, defendant filed a counterclaim with one count for negligence and alleged that plaintiff did not complete the work he contracted with Mr. Whitten to perform and did not comply with industry standards regarding some of the work he did perform. (Def.'s Countercl. ¶¶ 7-9.)

II. Discussion

A. Effect of Prior Dismissal with Prejudice on Count I

Defendant argues that in the amended complaint, plaintiff merely reasserted counts I and II, which were dismissed with prejudice. (Def.'s Mot. Dismiss II 1-2.) Because plaintiff agreed to dismiss count II, (Pl.'s Obj. Mot. Dismiss 1), the remaining issue is whether count I is barred by the court's prior dismissal with prejudice. "A dismissal under Rule 12(b)(6) is technically an adjudication on the merits under Rule 41(b)(3)." 2 Harvey, Maine Civil Practice §

3

12.11 at 422 (3d ed. 2011). Under Rule 41(b)(3), "a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." M.R. Civ. P. 41(b)(3). A Rule 12(b)(6) dismissal "ordinarily does not have this effect, however, because leave to amend is freely granted under Rule 15(a)." 2 Harvey, <u>Maine Civil Practice</u> § 12.11 at 422 (3d ed. 2011). "Whether to allow a pleading amendment rests with the court's sound discretion." <u>In re Sen</u>, 1999 ME 83, ¶ 10, 730 A.2d 680 (citing <u>Kelly v. Michaud's Ins. Agency, Inc.</u>, 651 A.2d 345, 347 (Me. 1994)).

Here, the court dismissed counts I, II, and IV with prejudice. (Order Def.'s Mot. Dismiss.) Plaintiff filed an amended complaint that included a count for quantum meruit. (Am. Compl. ¶¶ 21-25.) He also amended count I, the breach of contract claim, to include a statement that he directly negotiated with defendant. (Am. Compl. ¶¶ 5, 12.) Plaintiff argues the court never dismissed count I with prejudice and that he may have a separate oral contract with defendant as a result of these negotiations. (Pl.'s Obj. Mot. Dismiss 1.)

The amendment of count I to include an oral contract theory is beyond the scope of the leave to amend to include a count for quantum meruit because quantum meruit and recovery under an oral contract are distinct legal theories. "A valid claim in quantum meruit requires: 'that (1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment.'" <u>Howard & Bowie, P.A. v. Collins</u>, 2000 ME 148, ¶ 17, 759 A.2d 707 (quoting <u>Paffhausen v. Balano-Stott</u>, 1998 ME 47, ¶ 8, 708 A.2d 269). In

4

contrast, "[a] contract exists if the parties mutually assent to be bound by all its material terms, the assent is either expressly or impliedly manifested in the contract, and the contract is sufficiently definite to enable the court to ascertain its exact meaning and fix exactly the legal liabilities of each party." Sullivan v. Porter, 2004 ME 134, ¶ 13, 861 A.2d 625 (citing Forrest Assocs. v. Passamaquoddy Tribe, 2000 ME 195, ¶ 9, 760 A.2d 1041). In other words, "[a] contract implied in fact supporting *quantum meruit* recovery arises when there is no express contract but the parties' conduct raises the inference that they intended to make mutual promises and be bound by them." Horton & McGehee, Maine Civil Remedies § 11-1 at 227 (4th ed. 2004). The court's prior dismissal of count I with prejudice bars plaintiff's including count I in his amended complaint.

B. Attorney's Fees and Costs

Defendant argues she is entitled to recover attorney's fees and costs. (Def.'s Mot. Dismiss II 4.) As in the previous motion to dismiss, defendant is entitled to attorney's fees pursuant to 10 M.R.S. § 1118(4) (2014).

The entry is

> Defendant's Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint is GRANTED. Counts I and II of Plaintiff's Amended Complaint are DISMISSED with prejudice. Defendant will file an affidavit of costs and attorney's fees after the case is fully resolved.

Date: October 2, 2015

Nancy Mills
Justice, Superior Court

5

NEAL WEINSTEIN ESQ
PO BOX 660
OLD ORCHARD BEACH ME 04064-0660

JOHN TURCOTTE ESQ
AINSWORTH THELIN
PO BOX 2412
SOUTH PORTLAND ME 04116-2412