STATE OF MAINE
CUMBERLAND, SS.

BUSINESS AND CONSUMER COURT
LOCATION: PORTLAND
Docket No. BCD-CV-17-10

NEWRY HOLDINGS, LLC,                    )
                                        )
      Plaintiff/Counterclaim Defendant, )
                                        )
v.                                      )
                                        )
SR GOLF HOLDINGS, LLC,                  )
RICHARD HARRIS,                         )
JEFFERY R. HARRIS,                      )
JASON R. HARRIS,                        )
HARRIS GOLF, INC.,                      )
GOLF TRADITIONS, INC.,                  )
WELLS GOLF HOLIDNGS, LLC                )      ORDER ON DEFENDANTS'
PRESERVATION ROSS, LLC, and             )      MOTION TO DISMISS
BATCOMB PLANTATION II, LLC,             )
                                        )
      Defendants/Counterclaim Plaintiff,)
                                        )
v.                                      )
                                        )
BOOTHBAY POOL I, LLC,                   )
                                        )
      Third-Party-Defendant.            )
                                        )

Defendants Golf Traditions, Inc., Wells Golf Holdings, LLC, Preservation Ross, LLC, and Batcomb Plantation II, LLC (the "Entity Defendants") have moved to dismiss Plaintiff Newry Holdings, LLC's amended verified complaint as to them pursuant to Maine Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, the Entity Defendants' motion is granted.

## BACKGROUND

On January 25, 2017, Plaintiff filed a verified complaint against Defendants SR Golf Holdings (SR Golf"), Harris Golf, Inc. ("Harris Golf"), and Richard, Jeffery, and

1

Jason Harris (the "Harrises") (collectively "Defendants"). Plaintiff asserts claims for breach of a forbearance agreement, certain promissory notes and security documents, entered into by SR Golf, and guarantees entered into by Harris Golf and the Harrises. Plaintiff also brought claims for conversion, an accounting of personal property, and injunctive relief.

Plaintiff claims SR Golf, which owned and operated the Sunday River Golf Course and other facilities, had previously executed certain promissory notes secured by certain security instruments and personally guaranteed by Harris Golf and the Harrises. (Am. V. Compl. ¶¶ 12-17.) In 2012, third-party defendant Boothbay Pool I, LLC ("Boothbay") acquired the notes, security interests, and the guarantees. (*Id.* ¶ 18.) After SR Golf defaulted on its obligations, SR Golf and Boothbay entered into a Forbearance Agreement. (*Id.* ¶ 22.) The agreement provided that, in the event of a future default, all obligations would become immediately due, Boothbay would be entitled to record an escrow deed in lieu of foreclosure, SR Golf would surrender all collateral and management thereof to Boothbay, and Boothbay would be entitled to further remedies as an unpaid creditor. (*Id* ¶ 24.) SR Golf defaulted again in October 2016. (*Id.* ¶ 25.) Boothbay recorded the deed in lieu on January 5, 2017 and took title of all SR Golf's real and personal property. (*Id.* ¶¶ 27-29.) In early January 2017, Boothbay assigned and transferred all of its benefits, rights, obligations, title and interests in the notes, security documents, guarantees to Plaintiff (*Id.* ¶ 30.) Boothbay also granted Plaintiff a quitclaim deed, transferring all of SR Golf's real property to Plaintiff. (*Id.* ¶ 31.) Newry contends that it is now owner of SR Golf's real and tangible property. (*Id.* ¶ 32.) Newry contends that, despite its rights in all of SR Golf's property, SR Golf continues to exercise domain

2

and control over certain intangible assets and certain records and continues to solicit business as the owner of Sunday River Golf Club. (*Id.* ¶¶ 33-36.)

Defendants filed a counterclaim/third-party complaint against Plaintiff and Boothbay which was subsequently amended. This case was then transferred to the Business and Consumer Docket.

Plaintiff filed an amended verified complaint on May 12, 2017, in order to join the Entity Defendants. Plaintiff contends that the Entity Defendants are jointly and severally liable with Defendants, because they have common or substantially similar ownership with SR Golf and Harris Golf, and because the Defendants have caused the Entity Defendants to comingle assets, be thinly capitalized, disregard the corporate form, incur liabilities to Plaintiff, transfer assets without regard to creditors, and other actions. (*Id.* ¶¶ 37-40.) In other words, Plaintiff contends the court should pierce the corporate veil and hold the Entity Defendants liable as alter egos of Defendants.

The Entity Defendants filed their motion to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(6) on June 22, 2017. The Entity Defendants contend that, even if Plaintiff's allegations are sufficient to pierce the corporate veil, the Entity Defendants still cannot be held liable. (Defs. Mot. Dismiss 2.) The Entity Defendants contend that only members or shareholders of an entity can be held liable when the corporate form is disregarded. (*Id.*) The Entity Defendants assert that, because none of the Entity Defendants are shareholders or members of SR Golf or Harris Golf, they cannot be held liable as the alter egos of Defendants. (*Id.*)

Plaintiff filed its opposition on July 11, 2017. Plaintiff contends that, when justice and equity require that corporate form be disregarded, the court may hold entities

3

that are a part of the same alter ego group liable for the debtors for an affiliated entity. (Opp'n Mot. Dismiss 2.) Plaintiff timely replied. Oral argument was held on August 11, 2017.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint. *State v. Weinschenk*, 2005 ME 28, ¶ 10, 868 A.2d 200. The sufficiency of a complaint is a question of law. *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676. On a motion to dismiss for failure to state a claim, the facts are not adjudicated. *Marshall v. Town of Dexter*, 2015 ME 135, ¶ 2, 125 A.3d 1141. The court reviews the complaint in the light most favorable to the plaintiff to determine whether the complaint sets forth sufficient allegations that would entitle the plaintiff to relief pursuant to some legal theory. *Bean*, 2008 ME 18, ¶ 7, 939 A.2d 676. Dismissal is warranted when it appears beyond a doubt that the claimant is not entitled to relief under any set of facts that the claimant might prove in support of his or her claim. *Id.*

## ANALYSIS

Corporations are separate legal entities with limited liability. *Johnson v. Exclusive Props. Unlimited*, 1998 ME 244, ¶ 5, 720 A.2d 568. Courts are reluctant to disregard the legal entity and will pierce the corporate veil only when necessary to promote equity and justice. *Id.* To pierce the corporate veil, a plaintiff must establish that: (1) the defendant abused the privilege of a separate corporate identity; and (2) an unjust or inequitable result would occur if the court recognized the separate corporate existence. *Id.* ¶ 6. In determining whether corporate form has been abused the court may

4

consider a variety of factors, including: common ownership; pervasive control; confused intermingling of business activity, assets, or management; thin capitalization; nonobservance of corporate formalities; absence of records; non payment of dividends; insolvency at the time of transaction at issue; siphoning away of corporate assets by the dominant shareholders; nonfunctioning of officers and directors; use of the corporation for transactions of the dominant shareholders; and use of the corporation in promoting fraud. *Id.* ¶ 7. Neither party disputes that the rules for piercing the corporate form apply equally to limited liability companies. (Defs. Mot. Dismiss 2; Pl. Opp'n 4-9.) *See Coler & Colantonio, Inc. v. Quoddy Bay LNG*, No. BCD-CV-11-45, 2012 Me. Super. LEXIS 131, at \*6 (Aug. 16, 2012).

As discussed above, Plaintiff contends the affiliated entities may be held liable as alter egos when the corporate form is disregarded. To support its assertion, Plaintiff cites a footnote from a Federal District Court of Maine decision in which the federal court reviewed the various theories for piercing the corporate veil. (Pl. Opp'n Mot. Dismiss 2, 5.) The federal court stated:

> One analysis has asserted that, of the various theories used to pierce the veil in contract cases, "only that proceeding from defendant's legal fraud or wrong extends the right to disregard the corporate entity and impose liability on a defendant in its capacity as a shareholder or affiliate."

*United Paperworkers Int'l Union v. Kennebec River Pulp & Paper Co.*, 439 F. Supp. 610, 617 n.7 (D. Me. 1977).[1] Even if true that some jurisdictions will impose liability on

---

[1] The actual language quoted in Plaintiff's in opposition, though similar in subject to the above quote from *United Paperworkers*, does not actually appear in the cited case. (*See* Pl. Opp'n to Mot. Dismiss 2.) It is unclear where language quoted in Plaintiff's motion comes from.

5

an affiliated entity by piercing the corporate veil, Maine courts have been more limited in their approach to piercing the corporate veil.[2]

In *Thibodeau v. Cole*, Plaintiff slipped and fell on a dock or ramp. 1999 ME 150, ¶ 2, 740 A.2d 40. The dock was leased by a corporate entity. *Id.* ¶ 3. For reasons not articulated in the opinion, Plaintiff filed a suit for personal injuries against an individual defendant, not the corporate entity. *Id.* ¶ 1. The defendant was not a stockholder of the corporate entity in control of the dock. *Id.* ¶ 7. The Law Court held, even if the plaintiff could pierce the corporate veil, plaintiff still could not reach the defendant because he did not own any shares in the corporate entity. *Id.* The Law Court unequivocally stated, "only shareholders will be liable when the corporate entity is disregarded." *Id.*

In *Coler & Colantonio*, the plaintiff sought to hold a manager of a limited liability company liable by piercing the corporate veil. 2012 Me. Super. LEXIS 131, at *3. The plaintiff asserted the manager should be liable because of his involvement in closely related corporations, the alleged commingling of assets of those corporations, and his ownership of a corporation that rented office space to the defendant corporation. *Id.* The Business and Consumer Court stated, "Maine case law makes it clear that only shareholders may be held personally liable on a theory of piercing the corporate veil." 2012 Me. Super. LEXIS 131, at *7.

---

[2] Plaintiff also cites two additional Federal District Court of Maine cases that involve piercing the corporate veil in order to establish personal jurisdiction. (Pl. Opp'n Mot. Dismiss 5-8.) "The standard for piercing the corporate veil for liability purposes is not, however, the same standard to be used when piercing for jurisdictional purposes. ... The standard for piercing the corporate veil for purposes of obtain jurisdiction is a less stringent one. *Miramax Film Corp. v. Abraham*, 2003 U.S. Dist. LEXIS 21346, at *20 (S.D.N.Y. Nov. 24, 2003) (citations omitted). Thus, those cases are not applicable to the present case where Plaintiff seeks to pierce the corporate veil to establish liability.

Here, Plaintiff has not alleged any facts that, if proven, would establish that any of the Entity Defendants are members or shareholders of SR Golf or Harris Golf. (Am. V. Compl. ¶¶ 37-40.) Plaintiff only asserts that they have "common or substantially similar ownership" and operate "as a single golf-related enterprise." (*Id.* ¶ 37.) Because the Entity Defendants are not shareholders, they cannot be liable as alter egos of the Defendants. Therefore, Plaintiff has failed to state a claim against the Entity Defendants.

## CONCLUSION

Based on the foregoing, Defendants Golf Traditions, Inc., Wells Golf Holdings, LLC, Preservation Ross, LLC, and Batcomb Plantation II, LLC motion to dismiss Plaintiff Newry Holdings, LLC's amended verified complaint as to them pursuant to Maine Rule of Civil Procedure 12(b)(6) for failure to state a claim is **GRANTED**. Those Defendants are dismissed as parties from this matter.

The Clerk is instructed to enter this Order on the docket for this case incorporating it by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 8/31/17

_____
Richard Mulhern
Judge, Business & Consumer Court

Entered on the Docket: 8-31-17
Copies sent via Mail ___ Electronically _✓_

7